# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

## CIVIL ACTION NO.: CV06-390

ISAAC HENDRIX, SR., as PERSONAL    )
REPRESENTATIVE of the ESTATE OF    )
ESSIE MAE HENDRIX, deceased,       )
                                   )
    **Plaintiff,**                    )
                                   )
**v.**                             )
                                   )
MERCK & CO., INC., a New Jersey corporation; and LEON CASALS, M.D., an individual; **A**, whether singular or plural, that entity which designed, manufactured, marketed, distributed and/or sold to Plaintiff's decedent the brand-name prescription drug which contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of this suit; **B**, whether singular or plural, that entity which developed and/or manufactured the brand-name prescription drug made the basis of this suit; **C**, whether singular or plural, that entity which advertised the brand-name prescription drug made the basis of this suit; **D**, whether singular or plural, that entity which had any role in the distributive chain of the brand-name prescription drug made the basis of this suit; **E**, whether singular or plural, that entity which issued any warranty, express or implied, with respect to the brand-name prescription drug made the basis of this suit; **F**, whether singular or plural, that entity whose breach of warranty was a proximate cause of Plaintiff's decedent's injuries and/or death made the basis of this suit; **G**, whether singular or plural, that entity which in anywise participated in any testing of the brand-name prescription drug made the basis of this suit; **H**, whether singular or plural, that physician (including intern, resident or fellow) who distributed and/or prescribed to Plaintiff's decedent the brand-name prescription drug which contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of this suit; **I**, whether singular or plural, that hospital, clinic, or other healthcare facility which undertook to provide medical services to Plaintiff's decedent utilizing the brand-name prescription drug made the basis of this suit; **J**, whether singular or plural, that medical partnership, professional association or professional corporation which undertook to provide medical services to Plaintiff's decedent utilizing the brand-name prescription drug made the basis of this suit, the negligence, breach of contract or other actionable conduct of which contributed to cause Plaintiff's decedent's injuries and/or death; **K**, whether singular or plural, that entity which selected the brand-name prescription drug made the basis of this suit for the particular purpose for which it was required or used; **L**, whether singular or plural, that entity which issued a prescription and/or samples with respect to the brand-name prescription drug made the basis of this suit; **M**, whether singular or plural, that entity which provided information referable to the quality, worthiness or fitness of the brand-name prescription drug made the basis of this suit; **N**, whether singular or plural, that entity which failed to warn and/or issued inadequate warnings with reference to the dangers associated with the use of the brand-name prescription drug made the baiss of this suit; **O**, whether singular or plural, that entity who or which tested, inspected, approved or issued any approval of the brand-name prescription drug made the basis of this suit; **P**, whether singular or plural that entity which concerning the occasion made the basis of this suit, was the


**EXHIBIT**

**_A_**

principal of any of the named and/or above-described fictitious party Defendants; **Q,** whether singular or plural, that entity which is the successor-in-interest of the named and/or above-described fictitious party Defendants; **R,** whether singular or plural, that individual and/or entity, other than those described above, the wrongful conduct of which contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of this suit. (Plaintiff avers that the identity of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party Defendants are not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## COMPLAINT

Plaintiff, ISAAC HENDRIX, SR., as Personal Representative of the Estate of

ESSIE MAE HENDRIX, deceased, by and through his counsel, allege in his complaint

against Defendants, MERCK & COMPANY, INC., and LEON CASALS, M.D., as

follows:

## STATEMENT OF THE PARTIES

1.  Plaintiff, ISAAC HENDRIX, SR., as Personal Representative of the Estate of

    ESSIE MAE HENDRIX, deceased, (hereinafter "HENDRIX") at all times

    relevant hereto, has resided in Alabama. Plaintiff's decedent took the brand-name

    prescription drug, Vioxx.

2.  Upon information and belief, Defendant Merck & Co., Inc., (hereinafter

    "MERCK"), was and is a pharmaceutical company incorporated under the laws of

    the State of New Jersey with its principal place of business in New Jersey.

    Defendant, MERCK, was and is in the business of profiting from the design,

manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Vioxx (rofecoxib).

3.    Upon information and belief, Defendant, LEON CASALS, M.D., (hereinafter "CASALS"), is over the age of nineteen years and is a physician licensed in the State of Alabama and does business in Montgomery County, Alabama. Defendant, CASALS, was a treating physician that prescribed the brand-name prescription drug, Vioxx (rofecoxib) to the Plaintiff's decedent, ESSIE MAE HENDRIX.

## FACTUAL ALLEGATIONS

4.    This action arises from the sale and efficacy of Vioxx. Vioxx is a selective COX-2 inhibitor marketed by MERCK as an anti-inflammatory analgesic. That Defendant, CASALS and/or one or more of the fictitious party Defendants listed and described hereinabove, was the treating physician that prescribed the brand-name prescription drug, Vioxx, to Plaintiff's decedent.

5.    Defendants distributed, prescribed and/or sold Vioxx to consumers such as Plaintiff's decedent.

6.    Despite knowledge in its clinical trials and post-marketing reports, studies and

information relating to cardiovascular-related adverse health effects, Defendants promoted, marketed, distributed and/or prescribed Vioxx as safe and effective for persons such as Plaintiff's decedent.

7.      Defendants concealed the serious cardiovascular risks associated with Vioxx.

8.      If Defendants had not engaged in this conduct, prescribers such as Plaintiff's decedent's treating physicians would not have prescribed Vioxx, and patients, such as the Plaintiff's decedent would have switched from Vioxx to safer products or would have refrained wholly from any use of Vioxx.

9.      Defendants engaged in a common scheme in marketing, distributing, prescribing and/or selling Vioxx under the guise that it was safe and efficacious for persons such as Plaintiff's decedent.

10.     Plaintiff alleges that the suppression of this information constituted a common scheme by Defendants to conceal material information from Plaintiff's decedent.

11.     Plaintiff alleges that the marketing strategies, including without limitation the detail and sampling programs and direct-to-consumer advertising of the Defendants targeted Plaintiff's decedent to induce Plaintiff's decedent to purchase Vioxx. At the time the Defendants manufactured, marketed, distributed and/or

sold Vioxx, Defendants intended that Plaintiff's decedent would rely on the marketing, advertisements and product information propounded by Defendants.

12. The actions of Defendants, in failing to warn of the clear and present danger posed to others by the use of their drug, Vioxx, in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against Defendants.

## COUNT I: NEGLIGENCE

13. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

14. Defendants, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Vioxx in the stream of commerce, when the Defendants knew, or in the exercise of ordinary care, should have known that Vioxx posed a significant risk to Plaintiff's decedent's health and well-being, which risk was not known to Plaintiff's decedent or her prescribers.

15.    At all times material hereto, Defendants had a duty to Plaintiff's decedent to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Vioxx.

16.    Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiff's decedent in that the Defendants:

a.    Failed to include adequate warnings with the medications that would alert Plaintiff's decedent and other consumers to the potential risks and serious side effects of Vioxx ingestion;

b.    Failed to include adequate information or warnings with the medication that would alert Plaintiff's decedent and the health care community to refrain from use of Vioxx without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

c.    Failed to adequately and properly test Vioxx before and after placing it on the market;

d.    Failed to conduct sufficient testing on Vioxx which, if properly performed, would have shown that Vioxx had serious side effects, including, but not limited to the cardiovascular events;

e.    Failed to adequately warn Plaintiff's decedent and her health care providers that use of Vioxx carried a risk of cardiovascular events, stroke and death; among other serious side effects;

     f.       Failed to provide adequate post-marketing warnings or instructions after the Defendants knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Vioxx ;

     g.      Failed to adequately warn Plaintiff's decedent that Vioxx should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

     h.      Failed to adequately disclose and warn Plaintiff's decedent that she undertook the risk of adverse events and death as described herein;

     i.       Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx ingestion.

17.    Defendants knew or should have known that Vioxx caused unreasonably dangerous risks and serious side effects, including death, of which Plaintiff's decedent would not be aware. Defendants nevertheless advertised, marketed, sold and distributed the drug knowing that there were safer methods and products.

18.    As a direct and proximate result of the negligence and breach of Defendants, Plaintiff's decedent sustained serious injuries. Defendants owed a duty to Plaintiff's decedent to use reasonable care in their actions.

## COUNT II: NEGLIGENT FAILURE TO WARN

19.    Plaintiff restates each and every preceding allegation of this Complaint and
       incorporates each by reference as though set forth in full herein.

20.    Vioxx was not accompanied by appropriate warnings of the increased risk of
       adverse side effects caused by the ingestion of Vioxx.

21.    Defendants negligently failed to warn consumers who took Vioxx that it was
       dangerous.

22.    Defendants' negligence was the proximate cause of the harm suffered by
       Plaintiff's decedent.

23.    As a direct and proximate cause of Defendants' negligence:
       a.     Plaintiff's decedent suffered fatal injuries.

## COUNT III: MISREPRESENTATION AND SUPPRESSION

24.    Plaintiff restates each and every preceding allegation of this Complaint and
       incorporates each by reference as though set forth in full herein.

25.    Defendants misrepresented to Plaintiff's decedent and the health care industry the
       safety and effectiveness of Vioxx and/or fraudulently, intentionally and/or

negligently concealed material information, including adverse information regarding the safety and effectiveness of Vioxx.

26.    Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Vioxx had defects, dangers, and characteristics that were other than what the Defendants had represented to Plaintiff's decedent and the health care industry generally. Specifically, Defendants misrepresented to and/or actively concealed from Plaintiff's decedent, the health care industry and consuming public that:

a.    Vioxx had statistically significant increases in cardiovascular side effects which could result in serious injury or death;

b.    There had been insufficient and/or company-spun studies regarding the safety and efficacy of Vioxx before and after its product launch;

c.    Vioxx was not fully and adequately tested for the cardiovascular side effects at issue herein;

d.    Other testing and studies showed the risk of or actual serious adverse risks;

e.    There was a greatly increased risk of such cardiovascular events and death.

27.    The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by Defendants.

28.    Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiff's decedent would rely on them, leading to the use of Vioxx.

29.    At the time of Defendants' fraudulent misrepresentations, Plaintiff's decedent was unaware of the falsity of the statements being made and believed them to be true. Plaintiff's decedent had no knowledge of the information concealed and/or suppressed by Defendants.

30.    Plaintiff's decedent justifiably relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendants did suppress, conceal or failed to disclose to Plaintiff's decedent's detriment.

31.    Defendants had a post-sale duty to warn Plaintiff's decedent and the public about the potential risks and complications associated with Vioxx in a timely manner.

32.    The misrepresentations and active fraudulent concealment by the Defendants constitutes a continuing tort against Plaintiff's decedent, who ingested Vioxx.

33.    Defendants made the misrepresentations and actively concealed information about the defects and dangers of Vioxx with the intention and specific desire that

Plaintiff's decedent's health care professionals and the consuming public would rely on such or the absence of information in selecting Vioxx as treatment.

34.   As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of Defendants, Plaintiff's decedent suffered significant and ongoing injury and damages.

## COUNT IV: BREACH OF WARRANTY

35.   Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

36.   When Defendants placed Vioxx into the stream of commerce, Defendants knew of the use for which it was intended and expressly and impliedly warranted to Plaintiff's decedent that use of Vioxx was safe and acceptable means of treatment.

37.   Plaintiff's decedent reasonably relied upon the expertise, skill, judgment and knowledge of the Defendants and upon the express and/or implied warranty that Vioxx was of merchantable quality and fit for use as intended.

38.   Vioxx was not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to Plaintiff's

decedent.     Defendants breached the warranty because Vioxx was unduly dangerous in its' expected use and did cause undue injury to Plaintiff's decedent.

39.     Defendants breached the implied warranty of merchantability because Vioxx cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its ordinary use when sold, and is not adequately packaged and labeled.

40.     As a direct and proximate result of Defendants' breach of the warranty of merchantability, Plaintiff's decedent sustained serious and fatal injuries.

## COUNT V: BREACH OF EXPRESS WARRANTY

41.     Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

42.     Defendants expressly warranted to the market, including the Plaintiff's decedent, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials to the health care community, that Vioxx was safe, effective, fit and proper for its intended use.

43.     In using Vioxx, Plaintiff's decedent relied on the skill, judgment, representations, and foregoing express warranties of Defendants. These warranties and

representations proved to be false because the product was not safe and was unfit for the use for which it was intended.

44. As a direct and proximate result of Defendants' breaches of warranties, Plaintiff's decedent was fatally injured.

## COUNT VI: FRAUD

45. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

46. Defendants committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of such material representations, with the intent that Plaintiff's decedent rely on such material representations; Plaintiff's decedent acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

47. In addition, and in the alternative if necessary, Defendants knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiff's decedent rely on Defendants' misrepresentations; Plaintiff's decedent acted in actual and justifiable reliance on Defendants' representations and was injured as a result.

48.  Defendants committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiff's decedent relating to Vioxx at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

## COUNT VII: ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

49.  Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

50.  Defendants are liable to Plaintiff's decedent who was a citizen of the State of Alabama ("Alabama Plaintiff") pursuant to the AEMLD. Defendants are in the business of manufacturing, distributing, and marketing Vioxx. Defendants manufactured, distributed, and marketed Vioxx which was in a defective condition, and unreasonably dangerous when applied to its' intended use in the usual, foreseeable, and customary manner. Alabama Plaintiff, while consuming Vioxx in the usual and customary manner, as such was intended to be used, was fatally injured and damaged as a proximate result of Defendants placing the product on the market. Vioxx was unreasonably dangerous at the time such were placed on the market by Defendants. Vioxx, at the time of Alabama Plaintiff's fatal injuries and

damages, was in substantially the same condition as when marketed by Defendants.

51.    Defendants negligently or wantonly failed to give reasonable and adequate warning of dangers of Vioxx known to Defendants, or which in the exercise of reasonable care should have been known to the Defendants, and which Alabama Plaintiff could not obviously discover.

## VIII: MEDICAL MALPRACTICE

52.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

53.    Defendant, CASALS and one or more of the fictitious party Defendants listed and described hereinabove, through their agents, servants and/or employees, undertook to provide medical services and/or treatment to the Plaintiff's decedent All of these services were provided to the Plaintiff's decedent in Montgomery County, Alabama.

54.    During said period of time, Defendants, CASALS and one or more of the fictitious party Defendants listed and described hereinabove, negligently, wantonly and/or wrongfully prescribed and/or provided samples of the brand-name prescription drug, Vioxx, to the Plaintiff's decedent with actual and/or constructive knowledge of the risks and dangers associated with the use of Vioxx.

Specifically, the makers of Vioxx knew or should have known of the

cardiovascular risks associated with Vioxx ingestion. If Merk informed CASALS

of those risks, CASALS negligently failed to inform Plaintiff's decedent of those

risks. As a probable result of such negligence, Plaintiff's decedent was fatally

injured and damaged.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the jury selected to hear this case render a

verdict for Plaintiff and against each Defendant, separately and severally, and that the jury

award damages to the Plaintiff in an amount which will adequately punish the Defendants

for their wrongful conduct and negligence which resulted in the Plaintiff's decedent's

injuries and resulting death.

Respectfully submitted,

Tom Dutton
Of Counsel for Plaintiff
Bar Number: ASB-2059-U50T

OF COUNSEL:

PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

Of Counsel for Plaintiff

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama  36109

Leon Casals, M.D.
316 St. Lukes Drive
Montgomery, Alabama 36117-7102

VSO350

**ALABAMA JUDICIAL DATA CENTER**
**MONTGOMERY    COUNTY**

**SUMMONS**

CV 2006 000390.00

--------------------------------------------------------------------

IN THE CIRCUIT  COURT OF MONTGOMERY    COUNTY

ISAAC HENDRIX SR FOR ESTATE OF ESSIE MAE HENDRIX VS MERCK & CO INC ET

SERVE ON: (D002)

SSN: 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                    PLAINTIFF`S ATTORNEY

CASALS LEON M D                     DUTTON THOMAS E
316 ST. LUKES DR                    1100 PARK PLACE TOWER

MONTGOMERY    ,AL  36117-7102       BIRMINGHAM    ,AL  35203-0000

--------------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

--------------------------------------------------------------------

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
     4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
     YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
     COMPLAINT IN THIS ACTION UPON DEFENDANT.

( )  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
     WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
     OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 02/24/2006                    CLERK:MELISSA RITTENOUR
                                     P O BOX 1667
                                    MONTGOMERY AL  36102-1667
                                    (334)832-1266

----------------------        ----------------------------

  RETURN ON SE[R]

( )  CERTIFIED N                                    (DATE) _____
     (RETURN RE[C]

( )  I CERTIFY                         THE SUMMONS AND

     COMPLAINT                         _____

     IN _____                        (DATE) _____
_____
DATE                                  [SIGNAT]URE

_____
SERVER ADDRESS                        [ADDRE]SS SERVER

----------------------        ----------------------------
[O]PERATOR: REW
[P]REPARED: 02/24/200[6]

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Recipient's Name (Please Print Clearly) (to be completed by mailer)
Leon Casals, M.D.
Street, Apt. No.; or PO Box No.
316 St. Lukes Drive
City, State, ZIP+4
Montgomery, AL  36117-7102

PS Form 3800, February 2000          See Reverse for Instructions

7SO350                   ALABAMA  JUDICIAL  DATA  CENTER
                            MONTGOMERY      COUNTY

                                SUMMONS

                                              CV 2006 000390.00

--------------------------------------------------------------------

               IN  THE  CIRCUIT    COURT  OF  MONTGOMERY     COUNTY

ISAAC HENDRIX SR FOR ESTATE OF ESSIE MAE HENDRIX VS MERCK & CO INC ET

        SERVE ON: (D001)

        SSN: 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              PLAINTIFF`S ATTORNEY

        MERCK & CO INC               DUTTON THOMAS E
        C/O CORP CO                  1100 PARK PLACE TOWER
        2000 INTERSTATE PK DR,204
        MONTGOMERY    ,AL  36109-0000    BIRMINGHAM      ,AL  35203-0000
--------------------------------------------------------------------

TO THE ABOVE NAMED DEFENDANT:

  THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

--------------------------------------------------------------------

  (  )    TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
         4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
         YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
         COMPLAINT IN THIS ACTION UPON DEFENDANT.

  (  )    THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
         WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
         OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 02/24/2006                   CLERK:MELISSA RITTENOUR
                                         P O BOX 1667
                                         MONTGOMERY   AL   36102-1667
                                         (334)832-1266

-----------------------------                            ------------------

    RETURN ON SERVICE      **U.S. Postal Service**
                           **CERTIFIED MAIL RECEIPT**
  (  )   CERTIFIED MAIL    *(Domestic Mail Only; No Insurance Coverage Provided)*   TE)

  (  )   I CERTIFY THAT                                      SUMMONS AND

        COMPLAINT TO

        IN _____   Postage | $                Postmark        TE) _____
                           Certified Fee              Here
                           Return Receipt Fee
-----------------------    (Endorsement Required)
DATE                       Restricted Delivery Fee
                           (Endorsement Required)
SERVER ADDRESS             Total Postage & Fees | $                     ERVER

-----------------------    Recipient's Name (Please Print Clearly) (to be completed by mailer)
ERATOR: REW                *Merck & Co Inc. C/o The Corp. Co.*
EPARED: 02/24/2006         Street, Apt. No.; or PO Box No.
                           *2000 Interstate Park Dr. Ste. 204*
                           City, State, ZIP+4
                           *Montgomery, AL. 36109*
                           PS Form 3800, February 2000    See Reverse for Instructions

06-390  J-H

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

**COVER SHEET**
**CIRCUIT COURT - CIVIL CASE**
(Not For Domestic Relations Cases)

tate of Alabama
nified Judicial System

orm ARCivP-93    Rev. 5/99

Case Number
| C | V | | | | | | | |

Date of Filing:
| Month | | Day | | Year | |

Judge Code:
| | | | | | |

## GENERAL INFORMATION

N THE CIRCUIT COURT OF ___Montgomery County___, ALABAMA
                                    *(Name of County)*

ISAAC HENDRIX SR., AS PERSONAL REP.
OF THE ESTATE OF ESSIE MAE HENDRIX,    v.    Merck & Co, Inc, et al
dec.
_____Plaintiff_____                          _____Defendant_____

irst Plaintiff    ☐ Business    ☒ Individual          First Defendant    ☒ Business    ☐ Individual
                  ☐ Government  ☐ Other                                   ☐ Government ☐ Other

**IATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other:_____

**TORTS: PROPERTY INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
                Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
                Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

2006 FEB 10  AM 10:41    FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY

**ORIGIN** *(check one):*    F ☒ INITIAL FILING    A ☐ APPEAL FROM
                                                        DISTRICT COURT
                                                                            O ☐ OTHER:_____

                             R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                                        OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**    ☒ YES    ☐ NO    Note: Checking "Yes" does not constitute a demand for a
                                                              jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☒ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:

| D | W | A | 0 | 0 | 1 |

2-07-06
Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES    ☐ NO    ☐ UNDECIDED

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CIVIL ACTION NO.:____CV 06-390

ISAAC HENDRIX, SR., as PERSONAL )
REPRESENTATIVE of the ESTATE OF )
ESSIE MAE HENDRIX, deceased,      )
                                  )
      Plaintiff,            )
                                  )
v.                                )
                                  )
                                  )

2006 FEB 10  AM 10: 42
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

MERCK & CO., INC., a New Jersey corporation; and LEON CASALS, M.D., an
individual; **A**, whether singular or plural, that entity which designed, manufactured,
marketed, distributed and/or sold to Plaintiff's decedent the brand-name prescription drug
which contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of
this suit; **B**, whether singular or plural, that entity which developed and/or manufactured the
brand-name prescription drug made the basis of this suit; **C**, whether singular or plural, that
entity which advertised the brand-name prescription drug made the basis of this suit; **D**,
whether singular or plural, that entity which had any role in the distributive chain of the
brand-name prescription drug made the basis of this suit; **E**, whether singular or plural, that
entity which issued any warranty, express or implied, with respect to the brand-name
prescription drug made the basis of this suit; **F**, whether singular or plural, that entity whose
breach of warranty was a proximate cause of Plaintiff's decedent's injuries and/or death
made the basis of this suit; **G**, whether singular or plural, that entity which in anywise
participated in any testing of the brand-name prescription drug made the basis of this suit;
**H**, whether singular or plural, that physician (including intern, resident or fellow) who
distributed and/or prescribed to Plaintiff's decedent the brand-name prescription drug which
contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of this
suit; **I**, whether singular or plural, that hospital, clinic, or other healthcare facility which
undertook to provide medical services to Plaintiff's decedent utilizing the brand-name
prescription drug made the basis of this suit; **J**, whether singular or plural, that medical
partnership, professional association or professional corporation which undertook to provide
medical services to Plaintiff's decedent utilizing the brand-name prescription drug made the
basis of this suit, the negligence, breach of contract or other actionable conduct of which
contributed to cause Plaintiff's decedent's injuries and/or death; **K**, whether singular or
plural, that entity which selected the brand-name prescription drug made the basis of this
suit for the particular purpose for which it was required or used; **L**, whether singular or
plural, that entity which issued a prescription and/or samples with respect to the brand-name
prescription drug made the basis of this suit; **M**, whether singular or plural, that entity which
provided information referable to the quality, worthiness or fitness of the brand-name
prescription drug made the basis of this suit; **N**, whether singular or plural, that entity which
failed to warn and/or issued inadequate warnings with reference to the dangers associated
with the use of the brand-name prescription drug made the baiss of this suit; **O**, whether
singular or plural, that entity who or which tested, inspected, approved or issued any
approval of the brand-name prescription drug made the basis of this suit; **P**, whether singular
or plural that entity which concerning the occasion made the basis of this suit, was the
principal of any of the named and/or above-described fictitious party Defendants; **Q**,

whether singular or plural, that entity which is the successor-in-interest of the named and/or above-described fictitious party Defendants; **R,** whether singular or plural, that individual and/or entity, other than those described above, the wrongful conduct of which contributed to cause the Plaintiff's decedent's injuries and/or death made the basis of this suit. (Plaintiff avers that the identity of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time, their identity as proper party Defendants are not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained.

Defendants.

## SUMMONS

This service by certified mail of this summons and attached complaint and discovery papers is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure upon the following Defendants:

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Leon Casals, M.D.
316 St. Lukes Drive
Montgomery, Alabama 36117-7102

## NOTICE TO DEFENDANTS

The complaint which is attached to this Summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the complaint to PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C., 1100 Park Place Tower, 2001 Park Place North, Birmingham, Alabama, 35203. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your answer with the Clerk of this Court within a reasonable time afterward.

_____
Clerk

Dated:_____

**SENDER: COMPLETE THIS SECTION**

- Complete Items ◯, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Merck & Co., INC.
c/o The Corporation Co.
2000 Interstate Park Dr.
Ste. 204
Montgomery, Al.

Hendrix v. Merck & Co., Inc., et al

2. Article Number (Copy from service label)

7099 3400 0018 1957 0476

PS Form 3811, July 1999                Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Shawna Dramora_   ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Shawna Dramora   3-1-06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595

CV06-390   D-4

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and ◯. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leon Casals, M.D.
316 St. Lukes Dr.
Montgomery, Al.
36117-
2102

2. Article Number
(Transfer from service label)

7099 3400 0018 1957 0438

PS Form 3811, August 2001    Domestic Return Receipt
102595-01-M-2S

Hendrix v. Merck

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Anny Green_   ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Anny Green   3/-06

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

CV06-390   D-2

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Filed
MAR 2006
Melissa Rittenour 06/090
Circuit Clerk

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

ISAAC HENDRIX, SR., as Personal )
Representative of the Estate of ESSIE MAE )
HENDRIX, deceased, )
)
     Plaintiff, )
)
vs. )     CIVIL ACTION NO. CV-06-390
)
LEON CASALS, M.D., et al., )
)
     Defendants. )

## MOTION TO DISMISS

COMES NOW the defendant, identified in the complaint as LEON CASALS, M.D., and moves this Court to dismiss the complaint heretofore filed in this matter on the following separate and several grounds:

1.     To the extent any act or omission on the part of this defendant did not take place in Montgomery County, Alabama, the venue of this action is improper.

2.     It affirmatively appears from the face of the complaint that the plaintiff's claim is barred by the applicable statute of limitations.

3.     The complaint fails to state a claim upon which relief can be granted.

 

Randal H. Sellers
Attorney for Leon Casals, M.D.

OF COUNSEL:
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, AL 35259-8512
(205) 868-6000

{B0580289}

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the _____16_____ day of March, 2006.

OF COUNSEL

cc:
Tom Dutton, Esq.
Pittman, Hooks, Dutton, Kirby & Hellums
2001 Park Place North
1100 Park Place Tower
Birmingham, AL 35203

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

23242

**STATE OF ALABAMA**
**Unified Judicial System**
Montgomery County

Revised 3/23/05

Check one (Not for Workers' Comp, PFA, or Small Claims cases):

☐ District Court   X Circuit Court

▶ **FILE No.**
CV-06-390

*Style of case:*
Isaac Hendrix, etc.
v.
Leon Casals, M.D., et al.

# MOTION COVER SHEET

*Name of Filing Party:* Leon Casals, M.D.

*Name, address, and Telephone No. of Attorney or Party. If not Represented:*
Randal H. Sellers
Starnes & Atchison LLP
P.O. Box 598512
Birmingham, AL 35259-8512
205.868.6000
Attorney Bar No.:

To be filled out by Clerk of Court
☐ Filing Fee Charged and Collected (Amt $
☐ Filing Fee Not Required
☐ Affidavit of Hardship Filed or State Agency

## Type of Motion (Check One)

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | X Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Contempt |
| | ☐ Continue |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Deposition |
| | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Other_____ pursuant to Rule _____ ($50.00) | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| | X Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| ☐ Local Court Cost $_____ | ☐ Revive Judgment |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| Hearing Date: | X Other Statute of Limitations |

*Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government.* ☐

Date:
3/16/06

Signature of Attorney or Party:

*This Cover Sheet must be completed, signed by the filing attorney or party, and submitted to the Clerk of the Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

{B0580294}