UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

In re:                                                          MASTER FILE

REZULIN PRODUCTS LIABILITY LITIGATION
(MDL No. 1348)                                                  00 Civ. 2843 (LAK)

This Document Relates to:    02 Civ. 3583
------------------------------------x

### PRETRIAL ORDER NO. 122
(Motion to Remand in *Martin*)

LEWIS A. KAPLAN, *District Judge.*

      Plaintiff has moved to remand this action based on his contention that the presence of a nondiverse defendant -- plaintiff's treating physician, Garth C. Denyer, M.D. -- defeats complete diversity. Defendants object to the Report and Recommendation of Magistrate Judge Katz, which recommended that plaintiff's motion to remand be granted because "defendants have failed to demonstrate that there is no reasonable possibility that plaintiff's negligence claim against the non-diverse physician would be successful." Report & Recommendation at 6. Defendants argue that Dr. Denyer was joined fraudulently, or, alternatively, that he was misjoined with the Manufacturing Defendants.

      Plaintiff asserts three theories of negligence against the physician. First, plaintiff asserts that the defendant-physician negligently failed to warn him of the risks linked to Rezulin. Petition ¶ IV(7). As this Court recently found in PTO No. 121, in light of plaintiff's myriad allegations that the defendants withheld information concerning the risks of Rezulin from physicians and others,[1] an entirely conclusory allegation that the physician failed to warn of risks of Rezulin is insufficient to provide the defendant sufficient notice of the claim against him.[2]

---

[1] *See, e.g.*, Petition ¶ IV(4) ("Defendants failed to provide adequate warnings of dangers and instruction for safe use of the drug."); Petition ¶ VI(2)(f) ("The Pharmaceutical Defendants failed to timely and adequately warn the medical community and/or Plaintiff regarding the risks associated with Rezulin as they became known."); Petition ¶ X(1)(c) ("The Pharmaceutical Defendants were grossly negligent in failing to timely and adequately warn consumers of the known adverse effects of Rezulin . . . .").

[2] PTO No. 121 at n.11 (citing *Rodriguez v. Beechmont Bus Svce., Inc.*, 173 F. Supp.2d 139, 145 (S.D.N.Y. 2001) ("Allegations that are so conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains are insufficient as a matter of law."); *Strickland v. Brown Morris Pharmacy Inc.*, Civ. A. No. 96-815, 1996 WL 537736,



2

Plaintiff next alleges that the physician negligently "fail[ed] to test and monitor her [sic] liver functions." Petition ¶ IV(7). Once again, in light of plaintiff's other allegations that the defendants failed to timely warn of the need for liver function and other body system monitoring,[3] plaintiff's conclusory allegation is insufficient. Plaintiff has failed to allege any basis for supposing that his physician should have conducted liver testing or even what information concerning the need for testing was available to medical professionals at the relevant time.[4]

Plaintiff's third claim of negligence against the physician likewise fails because it does not state on what basis the physician should have known the patient was unable to tolerate Rezulin.

Accordingly, there is no possibility, based on the pleadings, that plaintiff will establish his medical malpractice claim against the nondiverse physician.

---

at *2 (E.D. La. Sept. 20, 1996) (conclusory allegations that defendant knew or should have known that drug was dangerous do not warrant remand)).

[3] *See, e.g.,* Petition ¶ X(1)(c) ("The Pharmaceutical Defendants were grossly negligent in failing to timely and adequately warn consumers of the known adverse effects of Rezulin, the need for liver function and other body system monitoring."); Petition ¶ IV(4) ("Defendants failed to provide adequate warnings of danger and instruction for safe use of the drug."); Petition ¶ VI(2)(c)(ii) ("The Pharmaceutical Defendants failed . . . to give adequate warnings regarding the dangers associated with the use of Rezulin and adequate instructions to avoid such dangers.").

[4] This Court need not consider the "Dear Health Care Professional" letters, FDA Talk Paper, letter from Glaxo Wellcome to the President of Sankyo Company Limited, and Rezulin product labels plaintiff appended to his motion to remand. *See* Motion Exs. C - H. As this Court previously has noted, the propriety of joinder "is to be determined based on the pleadings." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp.2d 272, 284 (S.D.N.Y. 2001) ("*Rezulin I*") (internal quotation marks and citation omitted). Moreover, this Court has observed that "[f]ederal courts across the nation have relied upon that standard to deny remand based on inadequate pleadings and to disregard allegations not contained in the original complaint." *Id.* (citing cases).

3

The plaintiff's motion to remand is denied.

SO ORDERED.

Dated: January 6, 2003

_____
Lewis A. Kaplan
United States District Judge