# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**In re: BAYCOL PRODUCTS LITIGATION**                **MDL No. 1431**
                                                     **(MJD)**

This Document also relates to:

Mary A. Smith v. Bayer Corporation et al.,     Case No. 02-139

---

Hugo N. Gerstl, Law Offices of Hugo N. Gerstl and Associates, for and on behalf of Plaintiff.

Peter Sipkins, Dorsey & Whitney, Philip S. Beck, Ada L. Hoeflich and Tarek Ismail, Barlit Beck Herman Palenchar & Scott, Susan A. Weber and Sara J. Gourley, Sidley Austin Brown & Wood and Richard K. Dandrea, Eckert Seamens Cherin & Mellott, LLC, for and on behalf of Bayer Corporation.

---

This matter is before the Court upon Plaintiff Smith's motion to remand. Bayer Corporation ("Bayer") opposes the motion on the basis that Plaintiff has fraudulently joined Longs Drug Stores, Inc. ("Longs Drug") in an effort to defeat diversity jurisdiction.

Background

Plaintiff filed her Complaint in California state court on September 7, 2001. In her Complaint, Plaintiff asserted claims of products liability and negligence against Longs Drug. Plaintiff is a citizen of California. Defendant Bayer Corporation is an Indiana corporation, with its principal place of business in Pennsylvania. Defendant Longs Drug has its principal place of business in California. Thus, for purposes of diversity jurisdiction, the parties do not dispute that Longs Drug is a citizen of California.

On October 11, 2001, Defendant Bayer Corporation filed a notice of removal

1



with the United States District Court, Northern District of California. In its removal petition, Bayer asserts that Plaintiff failed to state a cause of action against Longs Drug, and that the court therefore had jurisdiction over Plaintiff's Complaint based on diversity of citizenship under 28 U.S.C. § 1332(a). Bayer contends that fraudulently joined defendants will not defeat diversity jurisdiction.

On October 12, 2001, Plaintiff filed a First Amended Complaint in California state court. In the Amended Complaint, Plaintiff withdrew her products liability claim against Longs Drug, adding a professional negligence claim in its place.

Standard

Remand to state court is proper if the district court lacks subject matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). In reviewing a motion to remand, the court must resolve all doubts in favor of a remand to state court, and the party opposing remand has the burden of establishing federal jurisdiction by a preponderance of the evidence. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1983)(citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3rd Cir. 1987) cert. dismissed 484 U.S. 1021 (1988)).

Fraudulently joined defendants will not defeat diversity jurisdiction. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant." Anderson v. Home Insurance Company, 724 F.2d 82, 84 (8th Cir. 1993). Dismissal of fraudulently joined non-diverse defendants is appropriate. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002).

Initially, in determining the propriety of remand, the Court must review plaintiff's pleading at the time of the petition for removal. Pullman Co. v. Jenkins, 305

U.S. 534, 537 (1939). In addition, a plaintiff may not amend her complaint in order to state a claim against a nondiverse defendant in order to divest the federal court of jurisdiction. Cavallini v. State Farm Mutual Auto-Insurance Co., 44 F.3d 256, 265 (Fed. Cir. 1995). See also, Henderson v. Shell Oil Co., 173 F.2d 840, 842 (8th Cir. 1949)(federal court has power to amend petition after removal, but such power does not extend to elimination of jurisdictional defects present in the state court action). The Court will thus look to the original Complaint to determine whether Longs Drug has been fraudulently joined.[1]

If a plaintiff fails to state a cause of action against a non-diverse defendant, and the failure is obvious according to settled rules of law of the state in which the action was brought, the joinder of the non-diverse defendant is deemed to be fraudulent. Ritchey v. Upjohn Drug Company, 139 F.3d 1313, 1318 (9th Cir. 1998). Bayer argues that a retail pharmacy cannot be held strictly liable for injuries caused by a defective drug pursuant to California law. Murphy v. E.R. Squibb & Sons, Inc., 40 Cal.3rd 672, 675-681 (1985). It appears that Plaintiff does not dispute this principle, as is evidenced by the fact that Plaintiff attempted to amend her Complaint to withdraw this cause of action against Longs Drug. In addition, Bayer argues that Plaintiff's negligence claim against Longs Drug also fails to state a claim. The Complaint alleges that Longs Drug was negligent in failing to provide adequate warnings of the dangers posed by Baycol and that Longs Drug concealed specific knowledge concerning Baycol from Plaintiff. Complaint ¶ 35. However, the Complaint further states that Longs Drug dispensed

---

[1] Plaintiff provides the Court no authority for her argument that the Court should look to pleadings filed in state court after the case has been removed. Because Plaintiff attempted to file the First Amended Complaint in state court, after the case was removed to federal court, the filing was ineffective. Also, as an answer has been filed, Plaintiff must now seek leave of the Court to file the First Amended Complaint. Plaintiff has not done so, however.

3

Baycol to Plaintiff on March 24, 2001. Id. ¶¶ 15 and 16. The Complaint further alleges

that prior to May 21, 2001, Bayer did not advise physicians and drugstores of the

problems it encountered with Baycol, and did not advise physicians or drugstores that

the 0.8 mg. dosage of Baycol was potentially dangerous, even fatal. Id. ¶ 13. Thus, the

allegations in the Complaint defeat her negligence claim against Longs Drug, as a

defendant cannot be held liable for failing to warn of unknown risks. Merrill v.

Navegar, Inc., 26 Cal.4th 465, 485 (2001).

Based on the above, the Court finds that Bayer has met its burden of showing

that Longs Drug was fraudulently joined, as it is obvious based on the face of the

Complaint, that no cause of action was alleged against Longs Drug.[2]

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion to Remand is DENIED.

2.    Defendant Longs Drug Stores, Inc. is DISMISSED.

Date: May 24, 2002

_____//s//_____
Michael J. Davis
United States District Court

---

[2]Because the Court finds that Longs Drug was fraudulently joined, Longs Drug's failure to consent to removal does not render the petition to remove ineffective. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193. n. 1 (9th Cir. 1988); Seagate Technology LLC v. Dalia China Express Int'l Corp. Ltd., 169 F.Supp. 2d 1146, 1152, (N.D. Cal. 2001).