COPY IN CHAMBERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



FILED
JUN 15 2005
LORETTA G. WHYTE
CLERK

IN RE: VIOXX                                   :   MDL NO. 1657
    PRODUCTS LIABILITY LITIGATION   :
                                    :   SECTION: L
                                    :   MDL 1657
THIS DOCUMENT RELATES TO:       :   JUDGE FALLON
                                    :   MAG. JUDGE KNOWLES

*************************************************************************

## MOTION TO MODIFY JUNE 6, 2005 ORDER

MAY IT PLEASE THE COURT:

    The Plaintiffs' Steering Committee (PSC) moves to modify the Court's June 6, 2005 Order so as to specifically limit its applicability to circumstances where the treating physician has been named as a defendant.

                          Respectfully submitted,

                          By: *Russ M. Herman w/ permission by Richard J. Arsenault*
                              RUSS M. HERMAN (Bar No. 6819)
                            **HERMAN, HERMAN, KATZ & COTLAR, LLP**
                            820 O'Keefe Avenue
                            New Orleans, LA 70113
                            Phone: (504) 581-4892
                            Facsimile: (504) 561-6024
                            **PLAINTIFFS' LIAISON COUNSEL**

EXHIBIT
E

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>Phone: (318) 487-9874<br>Facsimile: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Facsimile: (504) 528-9973 |
| Andy D. Birchfield, Esq. (Co-Lead Counsel)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>Phone: (800) 898-2034<br>Facsimile: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Facsimile: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Facsimile: (415) 956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>Phone: (337) 494-7171<br>Facsimile: (337) 494-7218 |
| Thomas Kline, Esq.<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102<br>Phone: (215) 772-1000<br>Facsimile: (215) 772-1371 | Mark Robinson, Esq.<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Phone: (949) 720-1288<br>Facsimile: (949) 720-1292 |
| Arnold Levin, Esq.<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3875<br>Phone: (215) 592-1500<br>Facsimile: (215) 592-4663 | Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Facsimile: (212) 584-0799 |
| Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>Phone: (713) 650-0022<br>Facsimile: (713) 650-1669 | Christopher Vincent Tisi, Esq.<br>2000 L Street NW, Suite 400<br>Washington, D.C. 20036-4914<br>Phone: (202) 783-6400<br>Facsimile: (307) 733-0028 |

### PLAINTIFFS' STEERING COMMITTEE

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this ___17th___ day of June, 2005.



_____

**CONFIDENTIAL ATTORNEY WORK PRODUCT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO ALL CASES | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO MODIFY
ORDER OF JUNE 6, 2005 REGARDING PHYSICIAN CONTACTS**

In its Order and Reasons of June 6, 2005, the Court held that "if either side wishes to interview a Plaintiff's prescribing physician, that party must first serve opposing counsel with five days notice of such interview in order to give opposing counsel the opportunity to be present and participate in the interview." (*Id.* at 1.) The Court has authority to modify its case management orders, *Ramirez Pomales v. Becton Dickinson & Co.*, 839 F.2d 1, 3 (1st Cir. 1988), and Plaintiffs hereby move to modify the Order for the reasons set forth below.

1. **The Court's Order Is Unprecedented and Inconsistent with Practice in Other Major Venues of the Vioxx Litigation.**

The Court's Order of June 6, 2005 has no precedent, and would result in a sea change in the practice established by prior litigation in the Vioxx cases, as well as earlier MDLs. For example, in similar pharmaceutical MDLs such as those involving Fen-Phen, Rezulin and Baycol, the courts did not issue orders requiring plaintiffs' counsel to notify defense counsel, nor to allow them to be present during contacts with treating doctors.

As noted in Plaintiffs' Brief dated May 5, 2005, other venues exist where Vioxx

450144.1                                                          1

litigation is ongoing, in which Plaintiffs' counsel may exercise their traditional ability to act as Plaintiffs' agents in obtaining information from treating physicians without participation of defense counsel, and where defense counsel may not have *ex parte* contacts with the treating doctors.[1] As further noted in Plaintiffs' Supplemental Memorandum dated May 27, 2005, rulings to the contrary here may have the "unfortunate (but understandable) effect of discouraging participation in the MDL..." (*Id.* at 7). The PSC is obligated to inform the Court that initial responses of plaintiffs' counsel to the Order of June 6, 2005 have borne out this prediction. Many Plaintiffs' lawyers from around the country have stated their intention to file their cases in state courts rather than the MDL.

2. **There Is No Evidence of Improper Conduct Requiring Correction.**

During the course of several years of Vioxx litigation prior to the formation of this MDL, Defense counsel have taken numerous depositions of treating doctors, where the physicians' contacts with Plaintiffs' counsel were discoverable. Yet Defendant's pleadings on this motion have not cited a single instance of alleged impropriety arising in the contacts between treating doctors and Plaintiffs' counsel, and Defendant certainly would have cited such evidence if it existed. Instead, Defendant has relied upon a conference presentation by a lone attorney, which has apparently not resulted in any of the consequences that Defendant feared. Thus, the Court's Order of June 6, 2005 is not directed to any proven or alleged abuses, but instead refers to a hypothetical possibility. Plaintiffs submit that such a far-reaching and unprecedented ruling is unnecessary in the absence of demonstrated evidence of impropriety that would demand drastic corrective measures.

---

[1] For example, New Jersey, New York, California and Texas permit Plaintiffs' counsel to contact treating physicians without the presence of defense counsel. Thus, the Court's Order of June 6, 2005 differentiates between similarly situated plaintiffs residing in such states, based upon whether they file complaints in state or federal court. In addition, because Merck is based in New Jersey, the New Jersey court has permitted non-resident Plaintiffs to litigate against Merck in the state court. The disparate treatment of physician contacts resulting from the Court's Order of June 6 acts as a significant incentive for plaintiffs to file cases in state rather than federal court.

450144.1                                     2

### 3. Plaintiffs' Proposed Modification Would Apply the Order Only Where its Underlying Rationale is Operative.

Plaintiffs' respect the Court's decision and propose a modification that would apply the Order where it would address concerns stated therein, rather than having broad application to all MDL cases. In particular, the Court reasoned that physicians who prescribed Vioxx may be influenced by attorney contacts because they have been or may be named as defendants. (Order, at 4). Since the Court's Order was issued, Plaintiffs have determined through a review of the PACER system that, of approximately 600 filed complaints in the MDL, less than 7 percent have named a physician defendant. (*See* Declaration of Angelene Thane, filed herewith). Thus, there is little concern that treating doctors will be subject to influence by attorneys acting on behalf of their patients in the 93% or more cases where treating physicians are not parties, do not have an interest in the action, and would have no reason to favor one party over another. Plaintiffs suggest that it would be unnecessary and burdensome to apply the same restrictions on physician contacts in the vast majority of cases, where doctors are not defendants and the policy reasons underlying the Order are therefore not operative.

### 4. Amendments to Add Physician Defendants are Unlikely.

Plaintiffs appreciate the Court's concern that physicians not presently named may be added as defendants later. While Plaintiffs cannot categorically exclude such a possibility, in practical terms such amendments will be the exception rather than the rule. First and foremost, Plaintiffs' principal allegation in the case is that Merck failed to disclose known risks of heart attacks to the medical community, depriving treating doctors of the opportunity to become "learned" intermediaries, and instead relegating them to the status of "uninformed" or even "misinformed" intermediaries. That theory is by and large incompatible with a claim that the doctor is at fault, except in unusual cases (*e.g.*, where the treater may have prescribed more than the labeled dose). While this is not the time or place for an exposition of all the facts supporting the Plaintiffs' allegations, suffice to say that recent Congressional hearings have introduced

450144.1                                    3

evidence of Merck representatives' use of a "Cardiovascular Card" to persuade doctors that Vioxx was eight to eleven times safer than other pain relievers, even after the VIGOR study had demonstrated a five times greater risk of heart attack for patients on Vioxx as opposed to naproxen, another effective pain medication. Plaintiffs' counsel have not sued doctors in over 93% of the MDL cases, because doctors cannot be held responsible when Merck failed to tell them what they needed to know.

Second, Plaintiffs' counsel investigated their cases before filing, and such initial investigations formed the basis of their decisions as to whether to allege claims against the treating doctor. As noted above, all but a small percentage chose <u>not</u> to sue the treating doctors. It would only be a very unusual case in which a complaint initially filed solely against the company would be amended to add the treating doctor, particularly in light of the conviction that Merck's nondisclosure of risks to the medical community is the basis for the claim.

Third, since doctors are local defendants, their presence destroys diversity, and as a practical matter, most cases in which the doctor is a defendant have been filed in state courts. Indeed, unless their joinder were fraudulent, an amendment to a federally filed case joining a treating doctor would similarly destroy diversity and make the case suitable for remand.

### 5. <u>Conclusion</u>

For all of these reasons, Plaintiffs respectfully submit that the Court's Order of June 6, 2005 should be limited to circumstances in which its policy reasons are operative, that is, the Order should apply only where the treating doctor has been named as a defendant and therefore has an interest in the litigation.

Defendants may claim that such a modification would create an unlevel playing field by allowing Plaintiffs' counsel to meet with treating doctors without their participation. However, it is worth noting that Merck had unfettered access to the doctors for over five years that Vioxx was on the market, without the presence of Plaintiffs or their counsel, through the

450144.1                                    4

hiring and command of hundreds of detailing representatives who repeatedly gave the doctors the incorrect, Merck-sponsored message that Vioxx was safe. Allowing Plaintiffs' counsel to interview treating doctors as proposed above would not make the playing field "unlevel," but would instead allow Plaintiffs in federal court cases to have the same level playing field as their peers in other venues.

Respectfully submitted,

By: *Russ M. Herman by Richard J. Arsenault with permission*
RUSS M. HERMAN (Bar No. 6819)
LEONARD A. DAVIS (Bar No. 14190)
STEPHEN J. HERMAN (Bar No. 23129)
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Facsimile: (504) 561-6024
**PLAINTIFFS' LIAISON COUNSEL**

450144.1                                    5

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>Phone: (318) 487-9874<br>Facsimile: (318) 561-2591<br><br>Andy D. Birchfield, Esq. (Co-Lead Counsel)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>Phone: (800) 898-2034<br>Facsimile: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339<br>Phone: (415) 956-1000<br>Facsimile: (415) 956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102<br>Phone: (215) 772-1000<br>Facsimile: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106-3875<br>Phone: (215) 592-1500<br>Facsimile: (215) 592-4663<br><br>Carlene Rhodes Lewis, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>Phone: (713) 650-0022<br>Facsimile: (713) 650-1669 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Facsimile: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>Phone: (850) 435-7000<br>Facsimile: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>Phone: (337) 494-7171<br>Facsimile: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>Phone: (949) 720-1288<br>Facsimile: (949) 720-1292<br><br>Christopher Seeger, Esq. (Co-Lead Counsel)<br>One William Street<br>New York, NY 10004<br>Phone: (212) 584-0700<br>Facsimile: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street NW, Suite 400<br>Washington, D.C. 20036-4914<br>Phone: (202) 783-6400<br>Facsimile: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

450144.1                                    6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail upon all parties by electronically uploading same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this ___15th___ day of June, 2005.



450144.1                                   7

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL Docket No. 1657<br><br>Section L<br><br>Judge Fallon<br>Mag. Judge Knowles |

* * * * * * * * * * * * * * * * * * * * * * * *

## DECLARATION OF ANGELENE THANE PURSUANT TO 28 U.S.C. § 1746

I, Angelene Thane, hereby make this declaration of facts pursuant to 28 U.S.C. § 1746 and show this Court the following:

1. I am an employee of the law firm of Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, located in Pensacola, Florida.

2. On June 9, 2005, I reviewed the list of "Associated Cases" for MDL Docket No. 1657, found at the Court's website (https://ecf.laed.uscourts.gov/cgi-bin/login.pl?399856332623403-L_238_0-1).

3. On that day, there were 605 Associated Cases listed.

4. Using the PACER system, I reviewed the available pleadings for all Associated Cases for which multiple defendants were indicated.

5. On that day, my review indicated that physicians were named as defendants in 40 of the Associated Cases.

6. I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of June, 2005.

*(signature)*
ANGELENE THANE

SWORN TO and subscribed before me this 14th day of June, 2005, by ANGELENE THANE, who is personally known to me.

*(signature)*
NOTARY PUBLIC
State of Florida at Large
Commission Number: DD108072
My Commission expires: April 10, 2006

Jenny Keenan McDade
Commission # DD108072
Expires April 10, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

(SEAL)

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

***********************************************************************

### ORDER

IT IS ORDERED that the Court's Order of June 6, 2005 is hereby modified so as to specifically limit its applicability to circumstances where the treating physician has been named as a defendant.

_____
**JUDGE ELDON FALLON**

See Court's Minute Entry dated June 29, 2005