IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL.                                    PLAINTIFFS

VS.                                        CIVIL ACTION NO.3:03cv435WS

MERCK & CO, INC., ET AL.                                    DEFENDANTS

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND
## AND GRANTING DEFENDANTS' PENDING MOTIONS

THIS CAUSE came before the Court on:

1.    Plaintiffs' Motion to Remand (#6);

2.    Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3.    Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order

Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4.    Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended

Complaint (#24);

5.    Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal

authorities submitted by the parties, having heard the argument of counsel and having otherwise

fully considered the above-referenced Motions, the Court is of the opinion that the Defendants'

Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and

Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be

denied.



EXHIBIT

H

IT IS HEREBY ORDERED that:

1.      Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2.      Dr. Randall Smith's Motion for Summary Judgment (#19) is granted.  Judgment is hereby entered in favor of Dr. Smith.

3.      Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4.      Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted.  Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5.      The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted.  The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the 26ᵗʰ day of ___March,___ 2004.

_____
UNITED STATES DISTRICT JUDGE

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
  and Granting Defendants' Pending Motions

Approved as to form:

*Dave Miceli* (ATTY w/ permission)
Counsel for Plaintiffs

*Ginta Madaka Turn*
Counsel for Defendant Merck & Co., Inc.

*Michael Coleman* (ATTY permission)
Counsel for Defendant Randall Smith, M.D.


JACKSON 859879v1

Civil No. 3:03-cv-435 WS
Order Denying Plaintiffs' Motion to Remand
    and Granting Defendants' Pending Motions

3

United
South

APR 1 9 2004

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

United States District Court
Southern District of Texas
ENTERED      ·AMM

APR 1 6 2004

Michael J. Milby, Clerk
Laredo Division

PATRICIA BENAVIDES, Individually          §
and as Representative of the ESTATE OF    §
LUCIA GUTIERREZ,                          §
                                          §
            Plaintiffs,                   §
                                          §
      v.                                  §          Civil Action No. L – 03 – 134
                                          §
MERCK & CO., INC., CARLOS                 §
CIGARROA, M.D., MERCY HOSPITAL,           §
AND DENNIS CANTU, M.D.,                   §
                                          §
            Defendants.                   §

## ORDER

        Pending before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] and Defendant

Dennis Cantu, M.D.'s Motion to Dismiss [Doc. No. 41]. The Motion to Remand was referred to

Magistrate Judge Adriana Arce-Flores for a report and recommendation. Judge Arce-Flores filed

the Report and Recommendation on February 24, 2004. No party has objected to the Report and

Recommendation. *See* 28 U.S.C. 636(b). "A party who fails to file written objections to a

magistrate judge's proposed findings and recommendations waives the objection..." *United*

*States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000). Finding no clear error, this Court accepts

the Report and Recommendation. Accordingly, Plaintiffs' Motion to Remand is hereby

**DENIED** and all claims against Dr. Carlos Cigarroa, Dr. Dennis Cantu, and Mercy Hospital are

hereby **DISMISSED WITH PREJUDICE.**

43

Having adopted the Report and Recommendation, the Court has already dismissed all claims against Dr. Cantu.  For that reason, the pending Motion to Dismiss is **DENIED AS MOOT**.

IT IS SO ORDERED.

SIGNED this ____ day of April, 2004.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

To Insure Proper Notice, Each Party Who Receives This Order Shall Forward a Copy of it to Every Other Party And Affected Non-party Even Though They May Have Been Sent One by The Court.

2

United States District Court
Southern District of Texas
FILED

FEB 2 3 2004    MMM

Michael N. Milby, Clerk
Laredo Division

United States District Court
Southern District of Texas
ENTERED    MMM

FEB 2 4 2004

Michael N. Milby, Clerk
Laredo Division

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| PATRICIA BENAVIDES, Individually and as Representative of the ESTATE OF LUCIA GUTIERREZ, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No. L-03-CV-134 |
| MERCK & CO., INC., CARLOS CIGARROA, M.D., MERCY HOSPITAL, and DENNIS CANTU, M.D., | § § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion to Remand [Doc. No. 6]. Having reviewed the pending motion, the parties' filings, and the applicable law, this Court recommends to the District Court that the motion be **DENIED**.

### I. FACTS

Although Plaintiff's complaint contains scant details about events leading to the alleged injuries, additional facts can be gleaned from the parties' other filings. Plaintiff Patricia Benavides ("Plaintiff") represents herself and the estate of her mother, Lucia Gutierrez ("Ms. Gutierrez" or "Decedent"). Ms. Gutierrez died of a myocardial infarction on March 30, 2001. (Pl.'s Orig. Pet. at 4.) Defendant Dr. Dennis Cantu ("Dr. Cantu") treated Ms. Gutierrez from approximately July 1999 through February 2001. (Affidavit of Dennis Cantu, Supp. Exhibit to Def. Merck & Co.'s Resp. in Opp'n to Pl.'s Mot. to Remand). Over the course of her treatment, Dr. Cantu prescribed Vioxx (rofecoxib) to Ms. Gutierrez. *See id.* Dr. Cantu last saw Ms. Gutierrez on February 12, 2001. *Id.*

Defendant Merck & Co. ("Merck") markets and distributes rofecoxib as an osteoarthritis and pain-relief drug under the trade name Vioxx. (Pl.'s Orig. Pet. at 4.) Several studies published in 2001 and 2002 indicate that using rofecoxib may increase the risk of myocardial infarction. (*See* Pl.'s Orig. Pet. at 5-7.) In September 2001, the Food and Drug Administration sent a warning letter to Merck, stating in part that Merck had misrepresented Vioxx's "safety profile" in commercial promotions of the drug. *Id.* at 7.

Dr. Carlos Cigarroa ("Dr. Cigarroa") was the attending physician at Mercy Hospital who treated Ms. Gutierrez up until the time of her death. (Pl.'s Reply to Merck & Co.'s Resp. to Pl.'s Mot. to Remand at 2.) Plaintiff's complaint does not allege any facts about Dr. Cigarroa or Decedent's interactions with him, other than jurisdictional facts.

Defendant Mercy Hospital has apparently answered the complaint, although a copy of their original answer was not included with the Notice of Removal. *See* Pl.'s Mot. to Remand, Unmarked Exhibit, between Exhibit D and Exhibit E. Plaintiff's complaint does not allege any facts about Mercy Hospital or Decedent's interactions with Mercy Hospital, other than jurisdictional facts.

Plaintiff filed her Original Petition in the 49th Judicial District of Texas, Zapata County, on May 29, 2003. Plaintiff's complaint alleges negligence, strict liability, misrepresentation and suppression, breach of warranty (as to Defendant Merck), and fraud. Defendant Merck was served August 13, 2003, and removed the case on September 11, 2003, asserting that Defendants Dr. Cantu, Dr. Cigarroa, and Mercy Hospital ("Healthcare defendants") were fraudulently joined. Merck argues that any medical malpractice claim against the Healthcare defendants is barred by the statute of limitations, and that Plaintiff's complaint does not contain legally or factually sufficient claims against these defendants.

2

Plaintiff filed a motion to remand the case to state court on October 10, 2003. Plaintiff

argues that her Original Petition sets forth a viable claim of negligence against Dr. Cigarroa and Dr.

Cantu.[1]

## II. ANALYSIS

### A. Federal Jurisdiction

A defendant may remove a civil action brought in State court to the appropriate United States

district court when the district court has original jurisdiction over the case. 28 U.S.C. §1441(a).

United States district courts have original jurisdiction over civil actions when the parties have

diversity of citizenship and an amount over $75,000 is in controversy. *See* 28 U.S.C. §1332(a).

The party seeking removal bears the burden of showing that federal jurisdiction exists and

that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). When

assessing the propriety of removal, United States district courts must strictly construe removal

statutes because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal

Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

In this case, Plaintiff is a citizen of Texas. Defendant Merck is incorporated in New Jersey

and maintains its principal place of business in New Jersey. Defendants Dr. Cantu and Dr. Cigarroa

are Texas citizens. Plaintiff does not allege the incorporation or principal place of business of

Defendant Mercy Hospital in her complaint. For the purposes of this motion to remand, the Court

---

[1] Plaintiff bluntly states that her original complaint sets forth a claim against Mercy Hospital, but does not offer any factual support or argument for this statement. Plaintiff also discusses Merck's burden of proof on fraudulent joinder as to "a medical malpractice claim against the *two* resident Defendants." Pl.'s Mot. to Remand at 4 (emphasis added).

3

will assume that Mercy Hospital is a citizen of Texas. On the face of the complaint, the Court must remand the case because there is not complete diversity. *See* 28 U.S.C. 1332.

### B. Fraudulent Joinder

However, the action may remain in federal court if, as Defendant Merck alleges in its Notice of Removal, the Healthcare Defendants were fraudulently joined in the case. If the Healthcare defendants were fraudulently joined, their citizenship becomes irrelevant for jurisdictional purposes, and this Court would have jurisdiction on diversity grounds. *See McKee v. Kansas City Southern Railway Co.*, 2004 WL 103439 at *4 (5th Cir. Jan. 23, 2004) ("[D]iversity cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant.") (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)). The defendant bears the burden of establishing that the non-diverse defendants were fraudulently joined. *Id.* at *4 (citing *Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003)).

To support a claim of fraudulent joinder for removal purposes, Defendant Merck may show either actual fraud in the jurisdictional facts presented to the court, or that Plaintiff has no valid cause of action against the Healthcare Defendants. *See Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).[2] Here, Defendant Merck does not suggest actual fraud in Plaintiff's jurisdictional statements. Merck must therefore produce "evidence that would negate a possibility of liability" on the part of the Healthcare Defendants to show fraudulent joinder. *Id.* at 650. Defendant's burden of proof is a heavy one, and any contested issues of fact or ambiguities of state law must be taken in the light most favorable to Plaintiff. *Id.* at 649. When assessing a fraudulent joinder claim, the Court may

---

[2]"Fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002); *see also Heritage Bank v. Redcom Laboratories, Inc.*, 250 F.3d 319 (5th Cir. 2001).

4

"pierce the pleadings" and consider summary judgment-type evidence. *McKee*, 2004 WL 103439 at *4; *Travis*, 326 F.3d at 648-49.

The Fifth Circuit recently clarified the standard for fraudulent joinder allegations in *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003). The *Ross* Court specified that when examining fraudulent joinder allegations, "the Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* at 462 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). However, a theoretical possibility of recovery is not enough to legitimize a defendant's inclusion in the case. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Travis*, 326 F.3d at 648 (citing *Great Plains Trust*, 313 F.3d at 312). Thus to establish that the Healthcare Defendants were fraudulently joined in this action, Merck must show that Plaintiff has no reasonable chance of establishing its state claims against the Healthcare Defendants.

When considering Plaintiff's allegations, "speculative and conclusory allegations do not state a cause of action without factual support." *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 108 (S.D. Tex. 1994); *see also Jewell v. City of Covington*, 425 F.2d 459, 460 (5th Cir. 1970), *cert. denied*, 400 U.S. 929 (1970) ("General conclusionary allegations unsupported by facts are insufficient to constitute a cause of action"). If Plaintiff does not "specify a factual basis for recovery against a non-diverse party [this] constitutes a failure to state a claim and fraudulent joinder of that party." *Waters*, 158 F.R.D. at 109 (citing *Doe v. Cloverleaf Mall*, 829 F.Supp. 866, 870 (S.D. Miss. 1993)). However, the Court must also consider the degree to which discovery has proceeded, and the opportunity the plaintiff has had to develop its claims. *McKee*, 2004 WL 103439 at *4 (citing *Travis*, 326 F.3d at 649).

In its Notice of Removal and in its Response to Plaintiff's Motion to Remand, Defendant Merck argues that the Healthcare Defendants were fraudulently joined because Plaintiff's Original Complaint does not allege the factual or legal basis for any claim against the Healthcare Defendants, and because any medical malpractice claims against them are barred by the statute of limitations under Texas law. In order to determine whether the Healthcare Defendants were fraudulently joined, it is necessary to first consider the allegations in Plaintiff's Original Petition.

Plaintiff argues in her motion to remand that the allegations laid out in the complaint are factually and legally sufficient to constitute valid claims against Dr. Cantu, Dr. Cigarroa, and Mercy Hospital. Plaintiff relies primarily on this statement in her complaint: "Plaintiff Decedent, was given samples of and a prescription for Vioxx for pain. Mrs. Gutierrez presented with [sic] a family history of cardiac disease. Mrs. Gutierrez died on March 30, 2001, of a myocardial infarct." (Pl.'s Orig. Pet. at 4.)

However, Plaintiff's complaint does not allege that Dr. Cantu or Dr. Cigarroa treated Ms. Gutierrez, prescribed Vioxx to Ms. Gutierrez, or gave her samples of the drug. In fact, Plaintiff's complaint does not allege that Dr. Cantu or Dr. Cigarroa had *any* interactions with the Decedent. Plaintiff likewise does not allege any facts about Decedent's involvement with Mercy Hospital. The only time Plaintiff lists Dr. Cantu, Dr. Cigarroa, or Mercy Hospital by name is when alleging jurisdictional facts. (Pl.'s Orig. Pet. at 3.) In comparison, Plaintiff lists Merck by name in her complaint and alleges specific actions taken by Merck throughout her complaint.[3] (Pl.'s Orig. Pet., passim.)

---

[3] Plaintiff's complaint sometimes refers to "Defendants" generally, however none of the allegations against "Defendants" are facts that would support claims against the Healthcare Defendants.

6

Although Plaintiff's complaint lists the legal elements of several claims, the complaint does not allege even the minimally required facts about Dr. Cantu, Dr. Cigarroa, or Mercy Hospital to sustain these claims against them. The Fifth Circuit encountered a similar situation in *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999). In that case, Plaintiff Griggs' original and amended petitions did not allege any actionable facts regarding Defendant Blum. *Id.* at 699. The majority of Griggs' petition consisted of factual allegations that referred to "Defendants," but did not describe any actions that could have been taken by Blum. *Id.* The Court refused to extend notice pleading to such a degree. *Id.* ("We cannot say that Griggs' petition, which mentions Blum once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleading.") (citing *City of Alamo v. Casas*, 960 S.W.2d 240, 251-52 (Tex. App. 1997)). Here, Plaintiff's petition presents a nearly identical situation: Plaintiff does not assert any facts to support claims against the Healthcare Defendants.

For purposes of fraudulent joinder, Plaintiff may not augment insufficient allegations in her complaint with later assertions. Plaintiff states in her motion to remand that Dr. Cantu and Dr. Cigarroa prescribed Vioxx to the Decedent. Pl.'s Mot. to Remand at 3. However, Plaintiff does not allege this fact in her Original Petition. The propriety of removal depends on Plaintiff's allegations in state court. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116-17 (5th Cir. 1979). The *Tedder* Court further noted, "If there is no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged, then the claim is deemed fraudulent and lack of diversity will not prevent removal." *Id*; *see also Haines v. Natl. Union Fire Insur. Co.*, 812 F.Supp. 93, 96 (S.D. Tex. 1993) ("The determination of . . . fraudulent joinder is based on the causes of action alleged in the complaint as it existed at the time of removal."); *Pullman Co. v. Jenkins*, 305

7

U.S. 534, 537 (1939) (right to removal is determined by plaintiff's pleading at the time of removal). Although Plaintiff may supplement her claims with outside materials in her motion to remand, she may not add claims that are not stated in the complaint.

Plaintiff also incorrectly states the standard for fraudulent joinder as requiring "no possibility that plaintiff can establish a cause of action against the resident defendants." (Pl.'s Mot. to Remand at 3, emphasis in original.) Plaintiff cites *Mauck v. Warner-Lambert Co., et al.*, a 2001 case from the Northern District of Texas. 2001 U.S. Dist. LEXIS 5919 (N.D. Tex. May 4, 2001). Since *Mauck*, the Fifth Circuit has refined the standard for examining fraudulent joinder in several cases, including *Travis v. Irby*, 326 F.3d 644 (2003), and *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (2003). These cases indicate that a defendant must show that there is no reasonable possibility of a plaintiff's success against non-diverse defendants to establish fraudulent joinder. *See Travis*, 326 F.3d at 648; *Ross*, 344 F.3d at 462. Based on the Original Petition, Plaintiff has no reasonable possibility of prevailing against the Healthcare Defendants.

Because Plaintiff's complaint does not allege sufficient facts against the Healthcare Defendants to constitute valid claims against them, the Court need not consider the viability of theoretical claims under Texas law. Neither does the Court need to take the stage of discovery into account in the fraudulent joinder analysis, as Plaintiff has not alleged any claims appropriate for discovery against the Healthcare defendants. Since Defendant has shown that Plaintiff's claims against Dr. Cantu, Dr. Cigarroa, and Mercy Hospital, as plead in the original petition, are baseless, these defendants' citizenship should be disregarded for purposes of diversity jurisdiction. The Court therefore has jurisdiction over the case under 28 U.S.C. §1332(a).

8

## III. RECOMMENDATION

Based on the above information, the Magistrate Court recommends that the District Court **DENY** Plaintiff's Motion to Remand.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See*, 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglas v. United States' Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. *en banc* 1996).

The clerk is directed to send a copy of this Report and Recommendation to all parties.

DONE at Laredo, Texas, this 23rd day of February, 2004.

ADRIANA ARCE-FLORES
United States Magistrate Judge

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT 0 8 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| KIMBERLY STUBBLEFIELD, et al. | § | |
| | § | |
| | § | |
| versus | § | CIVIL ACTION NO. H-02-3139 |
| | § | |
| | § | |
| MERCK & COMPANY, INC., et al. | § | |

## ORDER

IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand (Instrument No. 7) is

DENIED.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 8th day of October, 2002, at Houston, Texas.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4203 | **DATE** | 8/30/2002 |
| **CASE TITLE** | Scott Zeedyk, on behalf of himself and all other persons similarly situated vs. Merck & Co., Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Plaintiff's Motion to Remand back to Circuit Court of Cook County for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c)

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due _____. Reply to answer brief due _____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]  For the reasons set forth on the reverse side of this minute order, Zeedyk's motion to remand for lack of subject matter jurisdiction is DENIED [7-1].

(11)  ■  [For further detail see order on the reverse side of the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| kjb (kc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

## ORDER

Before this Court is the motion of plaintiff, Scott Zeedyk, to strike or deny defendant's notice of removal. Plaintiff is a citizen of Illinois. Defendant, Merck, is a citizen of New Jersey. This case involves failure to warn claims and allegations that VIOXX, a prescription medicine manufactured by Merck, caused plaintiff, Zeedyk, to sustain life-threatening injuries.

On May 8, 2002, plaintiff filed his original complaint against the defendant in the Circuit Court of Cook County. On May 20, 2002, the defendant was served with service of process. On this date as well, plaintiff was granted leave of court by the Circuit Court to file an amended complaint instanter. On May 29, 2002, this amended complaint was served on the defendant. Pursuant to 28 U.S.C. § 1332, the defendant filed its first notice of removal, on June 12, 2002, based on its receipt of the original complaint, and on its subsequent receipt of the amended complaint, filed an amended notice of removal on June 25, 2002.

Plaintiff moves to remand because it alleges that Merck failed to conform to Local Rule 81.2. This rule requires that the notice of removal be accompanied by a statement of good faith that the jurisdictional limit is met and by either a response by plaintiff to a request to admit or a response to an interrogatory stating that the jurisdictional limit is met or proof of the failure to respond to such a request to admit or interrogatory. Merck did not provide any such responses with its notice of removal. Defendant argues that where, as here, the complaint clearly establishes that the amount in controversy is in excess of the jurisdictional minimum, the defendant need not establish satisfaction of the jurisdictional minimum through the procedure outlined in Local Rule 81.2.

This Court has previously explained that Local Rule 81.2 is "not the exclusive way in which the jurisdiction amount could be established in a case removed from an Illinois court." Murphy v. Avon Products, Inc., No. 02-C-146, 2002 WL 808386 (N.D. Ill. April 30, 2002); Huntsman v. Whitehouse, No. 97-C-3842, 1997 WL 548043 (N.D. Ill. Sept. 2, 1997). Zeedyk seeks, inter alia, compensatory and punitive damages for Merck's alleged knowing, intentional, willful, reckless, and malicious failure to warn. Plaintiffs seeking similar relief against other pharmaceutical manufacturer defendants and making similar allegations of failure to warn received jury awards well in excess of $75,000. See, e.g., Proctor v. Upjohn, 291 Ill.App.3d 265, 286-87 (Ill. App. 1997) (plaintiff received approximately $3 million in compensatory damages and $6 million in punitive damages for failure to warn claim); Batteast v. Wyeth Labs, Inc., 172 Ill. App.3d 114 (Ill. App. 1988) (upholding jury's award of approximately $9 million in compensatory damages and $13 million in punitive damages). Plaintiff attempted to defeat jurisdiction in this court by specifically pleading in the amended complaint that he was waiving his right to damages in excess of $75,000. However, this is impermissible under Illinois pleading rules, which forbid a plaintiff in a personal injury action from pleading in its complaint any amount of damages other than "the minimum necessary to comply with the circuit rules of assignment where the claim is filed." 735 Ill. Comp. Stat. Ann. § 5/2-604 (West 2002); In re Shell Oil Col., 970 F.2d 355, 356 (7th Cir. 1992). Thus, it is reasonably probable that the amount in controversy exceeds $75,000 where similar claims recovered damages well over that amount.

For the foregoing reasons, plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JUN 18 2002

ROBERT H. SHEMWELL, CLERK
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

JOHN ABRUSLEY, SR.              :    DOCKET NO. 02-0196

VS.                             :    JUDGE TRIMBLE

MERCK & CO., INC., ET AL.       :    MAGISTRATE JUDGE WILSON

REPORT AND RECOMMENDATION

   Before the court is plaintiff's motion to remand or alternatively, motion for leave to amend and then remand. [doc. # 20].[1]

   In the summer of 2001, John Abrusley Sr. went to see his doctor because he was experiencing hip pain. (Petition, ¶ 2). His doctor gave him an injection of Risticar and supplied him with samples of Vioxx. Id. Abrusley used the Vioxx for two to three weeks, before stopping. Id. at ¶ 4. However, several days later, Abrusley suffered a stroke and collapsed – breaking his wrist. Id. at ¶¶ 5-9. Abrusley believes that Vioxx caused his stroke and resulting injuries. Id. at ¶ 11. Accordingly, on January 11, 2002, Abrusley filed the instant action against the Vioxx manufacturer, Merck, & Co., Inc. ("Merck") in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Also made defendant was John Doe, the fictitious name for Merck's salesman or detailer who provided the product samples to plaintiff's doctor.

   On January 31, 2002, Merck, timely removed the case to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiliary, and thus, is deemed a

_____

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

citizen of this state for purposes of jurisdiction. (Petition, preamble). Merck is a New Jersey corporation, with its principal place of business in said state. (Notice of Removal, ¶ 6). The citizenship of John Doe was disregarded because he is a fictitious party. 28 U.S.C. § 1441(a).

On March 27, 2002, plaintiff filed the instant, well-written, motion to remand or alternatively, motion for leave to amend and then remand.[2] Plaintiff contends that because John Doe was sufficiently described in the complaint and readily identifiable by Merck, then he should be considered for purposes of assessing diversity.[3] *Ibieta v. Brinks*, 1997 WL 781291 (E.D. La. 1997); *Tomkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462 (E.D. La. 1994). We respectfully disagree with these cases. Section 1441(a) unequivocally states that ". . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). No exceptions are contemplated by this rule, and we are not at liberty to impose any.

Even if we treated John Doe as a named, non-diverse defendant, then it would have been incumbent upon the removing defendant to establish that plaintiff had no possibility of recovery against the in-state defendant, and that he had been joined merely to defeat diversity. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). Here, defendant satisfied that burden.

In *Furlough v. Warner Lambert Co.*, we recognized that under Louisiana law the only duty owed by detailmen is to deliver and explain the new package inserts to the physicians in their territory. *Furlough v. Warner Lambert Co.*, Civil Action No. 3:01-0704 (W.D. La. 8/8 &

___

[2] After delay for discovery and briefing, the matter is now before the court.

[3] Plaintiff does not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See*, 28 U.S.C. § 1332. Moreover, we have reviewed plaintiff's allegations and the Notice of Removal. (*See*, Notice of Removal, ¶ 5). We are satisfied that plaintiff's claims exceed the jurisdictional minimum.

2

9/13/01)(citing, *Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1st Cir. 1988)). However, the instant plaintiff's original petition is devoid of any specific allegations that John Doe, (a detailman) failed to provide the product insert to his physician or that he failed to explain the product insert.[4] Thus, on its face, plaintiff's petition does not state a cause of action against the fictitious defendant, and plaintiff had no possibility of recovery against said defendant at the time of removal. John Doe is properly excluded from the assessment of diversity.

Plaintiff alternatively seeks to amend his petition to substitute Bryant Tansil for John Doe, and to add defendant-detailmen/salesmen, Sonja Ragusa, James White, Stacey Walters, John Matthews, Vincent Moronto, John Matthews, and Sonya Brantley. (*See*, First Supplemental and Amending Complaint). Plaintiff alleges that these individual defendants are Louisiana residents.[5] Of course, the post-removal joinder of any non-diverse defendant will destroy diversity jurisdiction and require remand. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999); 28 U.S.C. § 1447(e).[6]

In *Hensgens v. Deere and Company*, the Fifth Circuit stated that "the district court, when confronted with an amendment to add a non-diverse non-indispensable party, should use its

---

[4] The closest that plaintiff comes to stating an actionable claim against John Doe is his allegation that he failed to convey the hazardous and dangerous nature of Vioxx to plaintiff and his physician. (Petition, ¶ 15, 53). However, this declaration does not specifically allege that the detailman failed to deliver or explain the package inserts to the prescribing physician. *See*, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(a petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action); *Hart v. Bayer Corp.*, 199 F.3d 239, 247-248 (5th Cir. 1999).

[5] Presumably, they are Louisiana domiciliaries.

[6] The post-removal substitution for a fictitious defendant is also analyzed under 28 U.S.C. § 1447(e). *See*, *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001).

3

discretion in deciding whether to allow that party to be added. . . ." *Hensgens v. Deere and Company*, 833 F.2d 1179, 1182 (5th Cir. 1987)(citations omitted).[7] In exercising its discretion, the district court is to consider the following factors,

> . . . the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for an amendment, whether plaintiff will be significantly injured if an amendment is not allowed, and any other factors bearing on the equities.

*Hengens*, 833 F.2d at 1182.

Our first consideration is the extent to which the purpose of the amendment is to defeat federal jurisdiction. Related to this issue is whether plaintiff has a real possibility of recovery against the proposed defendants. *See, Cobb*, 186 F.3d at 678 (a court should never permit the joinder of a jurisdiction-destroying defendant when recovery against that defendant is not really possible). Without question, plaintiff's amended complaint alleges a cause of action against the putative individual defendants.[8] However, Merck submitted an uncontroverted affidavit which establishes that prior to the summer of 2001, putative defendant, Stacy K. Walters, provided the Vioxx product circular to Dr. Nesom (plaintiff's doctor), and explained it to him. (Def. Exh. C). Thus, Walters discharged her limited duty as a detailman. Moreover, even if the remaining putative defendants did not discharge their individual duties to provide and explain the product inserts to Dr. Nesom, any breach of that duty could not have been a cause-in-fact of plaintiff's injuries because Stacy Walters provided that information to Dr. Nesom prior to the summer of

---

[7] *Hensgens* was decided prior to the 1988 enactment of 28 U.S.C. § 1447(e). However, some courts have suggested that § 1447(e) was a codification of *Hengens*. *See, Heininger v. Wecare Distributors, Inc.*, 706 F.Supp. 860, 862, n. 4 (S.D. Fla. 1989); *Chism v. Burlington Northern Railroad Co.*, 1996 Westlaw 408907 (N.D. Miss. 1996).

[8] *See e.g.*, ¶ 1(c)(the detailman/salesman did not convey or explain the Vioxx package inserts to plaintiff's physician).

4

2001. Accordingly, the uncontroverted evidence establishes that plaintiff does not have a real possibility of recovery against any of the putative individual defendants.

Independent of plaintiff's chances of recovery against the individual defendants, we note that the nature of the claims and parties in this case strongly indicate that the primary purpose of the amendment is to defeat federal subject matter jurisdiction. Plaintiff alleges that the detailmen/salesmen are employees of Merck. Thus, Merck would be vicariously liable for any negligence committed by its employees within the course and scope of their employment. The joinder of Merck's employees adds nothing to plaintiff's case – except to secure remand to state court.

Merck concedes that plaintiff was not dilatory in seeking leave to amend. However, Merck alleges that plaintiff will not be significantly injured if the amendment is disallowed. We agree. As stated above, Merck is vicariously liable for its employees' negligence. Merck is fully capable of satisfying any judgment against it. To the extent that Merck could prove insolvent à la Enron or Global Crossing, the fiscal health of the individual employees would be no better. They would find themselves unemployed and struggling to meet mortgage and credit card payments.[9]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand or alternatively, motion for leave to amend and then remand [doc. # 20], be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[9] There are no other dispositive equities to be considered.

5

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of June, 2002.

COPY SENT:
DATE: 6/19/02
BY: TAM
TO: Hadley
McCall
Cohen
AAWIBB
JB

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

6

()                              ()

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN ~ 5 2002

at ___ o'clock and ___ min __ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DONNA MEIFERT JONES, ETC., ET AL., | CIVIL NO. 02-00186 SOM-LEK |
| Plaintiffs, | |
| vs. | |
| MERCK & COMPANY, INC., ET AL., | |
| Defendants. | |

FINDINGS AND RECOMMENDATION
DENYING PLAINTIFF'S MOTION TO REMAND

On November 23, 2001, Plaintiff Donna Meifert Jones,
individually and as Personal Representative of the Estate of
Frank Newton Jones, Jr., also known as Frank N. Jones, deceased,
("Plaintiff"), filed a Complaint in the Circuit Court of the
First Circuit State of Hawaii against Defendant Merck & Company,
Inc. ("Defendant"), alleging inter alia, strict liability,
negligence, negligence per se, breach of implied warranty, breach
of express warranty, deceit by concealment, negligent
misrepresentation, violation of the Uniform Deceptive Trade
Practices Act, Chapter 481A, Hawaii Revised Statutes ("HRS"), HRS
§ 480-2, and punitive damages.  On March 28, 2002, Defendant

filed a Notice of Removal in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1441(a).

On April 26, 2002, Plaintiff filed the instant Motion to Remand, which District Judge Susan Oki Mollway referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) on April 29, 2002. Defendant filed its opposition on May 17, 2002, and Plaintiff replied on May 23, 2002. Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' submissions and arguments, this Court FINDS that the action was properly removed from state court, and thus, RECOMMENDS that Plaintiff's motion be DENIED in its entirety.

### DISCUSSION

Defendant removed this case from state court on the basis of diversity jurisdiction. A federal district court has original jurisdiction over all civil actions involving citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Plaintiff now contends that discovery has revealed four

2

distributors who "may have distributed Vioxx in Hawaii." (Pl.'s
Mem. in Supp. at 4.)  While Plaintiff admits that further
discovery is needed to ascertain the nature and extent of Vioxx
distribution in Hawaii, Plaintiff asserts an intent to add these
distributors to the action.  Further, Plaintiff suggests that
because these distributors "are licensed to do business in the
State of Hawaii," (Id.) the addition of these distributor
defendants will destroy diversity jurisdiction and divest the
Court of its subject matter jurisdiction.

     It is well-established that the Court's diversity
jurisdiction is determined at the time the notice of removal is
filed.  See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303
U.S. 283, 289 (1938).  Furthermore, under the removal statute,
the citizenship of defendants sued under fictitious names is to
be explicitly disregarded for purposes of diversity removal. See
28 U.S.C. § 1441(a).[1]

     Plaintiff is a citizen of the State of Hawaii.
Defendant, whose principal place of business is in the State of

---

     [1] The statute states, in pertinent part, "[f]or purposes of
removal under this chapter, the citizenship of defendants sued
under fictitious names shall be disregarded." 28 U.S.C.
§ 1441(a). This language was added in 1988 under the Judicial
Improvements and Access to Justice Act, in order to curtail the
practice of naming fictitious defendants merely to destroy
diversity. See Wright & Miller, Federal Practice & Procedure §
3642.

                         3

New Jersey, is a citizen of New Jersey. It is undisputed, therefore, that complete diversity exists between Plaintiff and Defendant and that the Court has diversity jurisdiction in this action. Moreover, given the explicit language of the removal statute, the Court must necessarily disregard the citizenship of the unnamed defendants.[2]

Nevertheless, the Court is convinced that mere allegations that the unnamed defendants may be residents of Hawaii without more, is insufficient to destroy diversity. Plaintiff's papers seem to suggest that further discovery is necessary to ascertain the identity and citizenship of the unnamed defendants. Under the circumstances, therefore, there is no specific reason to believe that the unnamed defendants will prove to be Hawaii citizens.

Accordingly, and based on the clear language of 28 U.S.C. § 1441(a), this Court FINDS that removal was proper, and thus, RECOMMENDS that Plaintiff's Motion to Remand be DENIED.[3]

---

[2] While Plaintiff's Memorandum in Support identified the distributors as McKesson Corporation, McKesson Drug Company, Amerisource Bergen and R. Weinstein, Inc., Plaintiff's Reply states "Plaintiff does not have the identity of the Hawaii distributor of Vioxx." (Pl.'s Reply at 2.) Accordingly, and given that Plaintiff has not moved to amend the Complaint to include these defendants, the Court treats these defendants as unnamed.

[3] Defendant aptly cites to Newcombe v. Adolf Coors Co., 157 F.3d 686 (9th Cir. 1998), and points out that the "proper

4

## CONCLUSION

For the foregoing reasons this Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii:    _June 5, 2002_.

_Leslie E. Nakayashi_
LESLIE E. KOBAYASHI
United States Magistrate Judge

DONNA MEIFERT JONES, ETC., ET AL. V. MERCK & COMPANY, INC., ET AL; CIVIL NO. 02-00186 SOM-LEK; FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND

procedure" would have been for Plaintiff to first seek to add the unnamed defendants and then to move to remand. Id. at 691 n.2. This Court agrees, and further notes that the ruling herein is consistent with the rationale set forth in Newcombe. See id. at 690 ("[T]he district court was correct in only considering the domicile of the named defendants . . . . [Plaintiff] filed this suit knowing that there was complete diversity among the named defendants and that removal was a real possibility.").

5