JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 1657*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE VIOXX PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

  Presently before the Panel are motions, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by a health care defendant in the Southern District of Texas action and plaintiffs in the remaining actions listed on Schedule A to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Louisiana for inclusion in the Section 1407 proceedings occurring there in this docket. Merck & Co., Inc., favors inclusion of these actions in MDL-1657 proceedings.

  On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana. Transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for the reasons expressed in the original order directing centralization in this docket. In that order, the Panel held that the Eastern District of Louisiana was a proper Section 1407 forum for actions involving claims of liability for allegedly adverse effects arising from the ingestion of Vioxx. *See In re Vioxx Products Liability Litigation*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).

  The opposing Tennessee plaintiff and the Texas health care defendant argue that the presence of individual and/or local questions of fact as well as differing legal theories should militate against inclusion of these actions in MDL-1657 proceedings. We are unpersuaded by these arguments. Inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products*

---

* Judge Motz took no part in the decision of this matter.



- 2 -

*Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation*, 152 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1657 – In re Vioxx Products Liability Litigation</u>

    <u>Southern District of Alabama</u>

*Marquerite Woods v. Merck & Co., Inc., et al.*, C.A. No. 2:05-425

    <u>Middle District of Florida</u>

*Barbara Fowler-Browning, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-586

    <u>Northern District of Illinois</u>

*James Zafiratos v. Merck & Co., Inc., et al.*, C.A. No. 1:05-3784

    <u>Southern District of Illinois</u>

*Stanley Hayes v. Merck & Co., Inc., et al.*, C.A. No. 3:05-450
*Clara Kirkendall v. Merck & Co., Inc., et al.*, C.A. No. 3:05-562
*Mary Hardin v. Merck & Co., Inc., et al.*, C.A. No. 3:05-563

    <u>Western District of Kentucky</u>

*Lois Hammond, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-351

    <u>Eastern District of Missouri</u>

*Harriet Aldridge, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-847
*Mona Swint, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-879
*Sam Fife, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-880
*Vanita Copeland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 4:05-881

    <u>District of Nevada</u>

*Duane Allen Carlson, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-599
*Nina Baker, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-625
*Daniel Morrison, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:05-627
*Sharon Himmel, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-334
*Sean Regan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:05-336

    <u>Western District of New York</u>

*Lynn Krieger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6338

    <u>District of Oregon</u>

*Wayne S. Harger v. Merck & Co., Inc., et al.*, C.A. No. 6:05-6184

- A2 -

<u>Eastern District of Tennessee</u>

*Louise Denton v. Merck & Co., Inc.*, C.A. No. 2:05-170

<u>Southern District of Texas</u>

*Jackie Roberts, etc. v. Juan Marcos Garcia, M.D., et al.*, C.A. No. 1:05-210