FILED
2005 Jun-30 AM 10:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUANELL Y. McBRAYER WILKES, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-RRA-1214-S |
| | ) |
| MERCK & CO., INC., et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER
(Re Defendants' Motion to Stay, ct. doc. 5; Plaintiff's Motion to Remand, ct. doc. 7 )

The complaint and the parties' submissions concerning the above-stated motions have been studied. The plaintiffs allege that the treating resident physicians knew sufficient information about Vioxx and Celebrex to appreciate that neither should have been prescribed to the plaintiffs. They also contradictorily allege that Merck concealed material information from the physician defendants, who would have acted differently if properly warned regarding the risk and dangers associated with Vioxx and Celebrex. Moreover, the plaintiffs' only allegation against the physicians is the conclusory allegation that they "negligently, wantonly, and/or wrongfully prescribed and/or provided samples of the brand-name prescription drugs Vioxx and Celebrex to the plaintiffs with actual and/or constructive knowledge of the risk and dangers associated with the use of Vioxx and Celebrex." *Complaint* ¶ 63. Under Alabama law,

> In any action for injury, damages, or wrongful death, whether in contract or in tort, against a health care provider for breach of the standard of care the plaintiff shall include in the complaint a detailed specification and a factual description of each act and omission alleged by plaintiff to render the health



> care provider liable to plaintiff and shall include when feasible and ascertainable the date, time, and place of the act or acts. . . . any complaint which fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief may be granted.

Ala. Code § 6-5-551. It is noted that numerous cases against Merck have been filed in this court and have been transferred to the MDL court.

Because of the contradictory allegations against the physician defendants, and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against physicians, it appears to be a good possibility that it will be determined that the individual defendants were fraudulently joined. If it were <u>clear</u> that these physicians were not fraudulently joined, and if judges from this district were ruling on the motions to remand, this motion to stay might be denied and the motion to remand ruled on. The opposite being the event, and in order to have consistent rulings, the motion to stay is **GRANTED**, and all proceedings in this case, including the motion to remand, are **STAYED** pending action by the MDL court.

DONE this 30th day of June, 2005.

/s/ Robert R. Armstrong
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE

-3-