**Westlaw.**

Not Reported in F.Supp.2d                                                                                                                   Page 1
Not Reported in F.Supp.2d, 2004 WL 1922028 (E.D.La.)
(Cite as: Not Reported in F.Supp.2d)

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,E.D. Louisiana.
Cynthia MATHERN and Donna Morgan
v.
WYETH f/k/a/ American Home Products Corp., et al
No. Civ.A.04-2116.

Aug. 25, 2004.

Matthew Edward Lundy, Lundy & Davis, LLP, Houston, TX, Justin Witkin, Bryan A. Aylstock, Aylstock, Witkin & Fasser, PLC, Gulf Breeze, FL, for Plaintiffs.
Henri Wolbrette, III, Kathleen Ann Manning, Mindy Brickman Patron, Anne Lester Pointer, McGlinchey Stafford, PLLC, New Orleans, LA, for Defendants.

ORDER AND REASONS

LIVAUDAIS, J.
*1 Defendants (collectively "Wyeth") moved to stay the proceedings pending transfer to the diet-drugs multidistrict proceeding, MDL 1203, [FN1] pending in the Eastern District of Pennsylvania. Record document # 3. Plaintiffs (collectively "Mathern") opposed the motion and filed a motion to stay the transfer to the MDL (record document # 8) pending this Court's determination of their motion to remand (record document # 7).

FN1. *In re: Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation,* MDL 1203.

Plaintiffs in this case allege various claims for damages related to their use of Pondimin, one of the prescription obesity medications that, when prescribed for use in combination with Phentermine for weight loss, are commonly referred to as Fen-Phen. Plaintiffs filed suit in the 29th Judicial District Court, Parish of St. Charles, alleging only state law causes of action. Included as defendants were two of Wyeth's sales representatives, Joey Englert and Craig Englert, and Louisiana Wholesale Drug Company, Inc., all Louisiana residents. Wyeth removed the matter to the District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1447(c) alleging diversity jurisdiction. Wyeth alleges that the Louisiana defendants were fraudulently joined.

Thousands of these cases have been filed nationwide, and plaintiffs number in the tens of thousands. This case is one of at least four filed this year in this district by plaintiffs represented by the same counsel, [FN2] including at least one naming the same Louisiana defendants. This Court finds that this case shares common issues of fact and law with those cases and that a stay of this case pending transfer to the MDL will promote judicial efficiency and avoid conflicting rulings.

FN2. *Jerri Roscoe, et al v. Wyeth f/k/a/ American Home Products Corporation et al,* C.A. 04-1416 (E.D.La.) (Lemmon, J.); *Shandra Dave, et al v. Wyeth f/k/a/ American Home Products Corporation et al,* C.A. 04-1418 (E.D.La.) (McNamara, J.); *Gina Kulick, et al v. Wyeth f/k/a/ American Home Products Corporation et al,* C.A. 04-1406 (E.D.La.) (Barbier, J.). See also, *Ann Franz, et al v. American Home Products Corporation et al,* C.A. 02-0284 (E.D.La.) (Duval, J.); *Cynthia Acosta, et al v. American Home Products Corporation et al,* C.A. 02-0074 (E.D.La.) (Lemmon, J.); *Sandra Anderson, et al v. American Home Products Corporation et al,* C.A. 02-0072 (E.D.La.) (Fallon, J.); *Janice Elstrott, et al v. American Home Products Corporation et al,* C.A. 02-0120

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 1922028 (E.D.La.)
**(Cite as: Not Reported in F.Supp.2d)**

(E.D.La.) (Feldman, J.); *Peggy Martinez, et al v. American Home Products Corporation et al,* C.A. 02-0144 (E.D.La.) (Zainey, J.).

Accordingly,

IT IS ORDERED that defendant **Wyeth's** motion to stay the proceedings pending transfer to the MDL is GRANTED; and

IT IS FURTHER ORDERED that plaintiffs' motion to stay transfer pending a ruling on the motion to remand is DENIED; and,

IT IS FURTHER ORDERED that pending the transfer, this Court defers ruling on plaintiffs' motion to remand, referring that motion to the MDL court.

E.D.La.,2004.
Mathern v. Wyeth
Not Reported in F.Supp.2d, 2004 WL 1922028 (E.D.La.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2685901 (Trial Motion, Memorandum and Affidavit) Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand (Aug. 24, 2004)
• 2004 WL 2685887 (Trial Motion, Memorandum and Affidavit) Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Stay Transfer to MDL (Aug. 12, 2004)
• 2004 WL 2685874 (Trial Motion, Memorandum and Affidavit) Memorandum in Opposition to Wyeth's Motion to Stay (Aug. 09, 2004)
• 2:04CV02116 (Docket) (Jul. 28, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Kansas.
Joanne KNEAREM, Individually and on behalf of all other similarly situated, Plaintiff,
v.
BAYER CORPORATION and Bayer AG, a German Corporation, Defendants.
**Civil Action 02-2096-CM.**

May 7, 2002.

MEMORANDUM AND ORDER

CARLOS MURGUIA, District Judge.
*1 On January 14, 2002, plaintiff filed this putative class action in the District Court of Johnson County, Kansas. On March 4, 2002, defendants removed this case to federal court. On March 13, 2002, plaintiff filed a Motion to Remand. This matter is before the court on Defendant **Bayer** Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision by the United States Supreme Court (Doc. 8).

This purported class action brought against **Bayer** Corporation is one of more than two hundred pending federal cases, nearly half of which are purported class actions, involving the prescription drug Baycol®. On December 18, 2001, the Judicial Panel on Multidistrict Litigation (JPML) consolidated for pretrial proceedings all federal actions involving Baycol® before Judge Michael Davis in the United States District Court for the District of Minnesota. On April 3, 2002, the JPML ordered a conditional transfer of this case to the District of Minnesota.

Defendant **Bayer** Corporation requests an order staying all pretrial proceedings in this case pending the decision to transfer this case to the Baycol® Multidistrict Litigation (Baycol® MDL). Plaintiff objects to a stay and instead requests that the court rule on its Motion to Remand. In support, plaintiff cites to *Aetna U.S. Healthcare, Inc. v. Hoescht Aktiengesellschaft,* 54 F.Supp.2d 1042 (D.Kan.1999). In *Aetna,* the court found that little would be gained by a stay of the decision to remand and, accordingly, ruled on plaintiff's motion to remand despite defendants' pending motion to consolidate to multidistrict litigation.

The instant case is, however, distinguishable from *Aetna.* In this case, the central issue regarding a decision to remand involves a determination of the amount in controversy. Specifically at issue in this case is whether plaintiff's request for future medical monitoring is considered injunctive relief and, if so, whether it is appropriate to consider the cost to defendant of injunctive relief as a whole in evaluating the amount in controversy. At present, there is no controlling authority resolving the issue and it appears there is a split among various circuits and district courts. However, the Supreme Court recently granted certiorari in *In re Ford Company/Citibank,* 264 F.3d 952 (9th Cir.2001), *cert. granted sub nom, Ford Motor Company v. McCauley,* 122 S.Ct. 1063 (2002), on a question concerning the valuation of injunctive relief for purposes of determining the amount in controversy under 28 U.S.C. § 1332. A decision by the Supreme Court in *Ford Motor Company v. McCauley* likely would impact a determination of the amount in controversy in the present case.

The court concludes that judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay of this litigation avoids the possibility of inconsistent pretrial rulings. Then, if this case ultimately is transferred, Judge Davis can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied. Moreover, at that time, Judge Davis may have the benefit of a decision by the Supreme Court in *Ford*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2

Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)
**(Cite as: Not Reported in F.Supp.2d)**

*Motor Company v. McCauley.* Thus, a stay of this litigation will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime.

*2 IT IS THEREFORE ORDERED that Defendant **Bayer** Corporation's Motion for Stay of All Pretrial Proceedings Pending Transfer to Multidistrict Proceedings or, in the Alternative, Pending Decision by the United States Supreme Court (Doc. 8) is granted. This action is hereby stayed pending a decision by JPML whether to transfer this case to Baycol® MDL.

D.Kan.,2002.
Knearem v. Bayer Corp.
Not Reported in F.Supp.2d, 2002 WL 1173551 (D.Kan.)

Briefs and Other Related Documents (Back to top)

• 2:02cv02096 (Docket) (Mar. 04, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.