IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ISAAC HENDRIX, SR., as Personal Representative of the Estate of Essie Mae Hendrix, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| MERCK & CO., INC.; LEON CASALS, M.D.; et al., | ) ) | 2:06-cv-265 |
| Defendants. | ) ) | |

## PLAINTIFF'S (1) MEMORANDUM BRIEF IN RESPONSE TO MERCK & CO., INC.'S MOTON TO STAY ALL PROCEEDINGS AND (2) REQUEST FOR AN EXPEDITED RULING ON HIS MOTION TO REMAND

Comes now Isaac Hendrix, Sr., as Personal Representative of the Estate of Essie Mae Hendrix, deceased, and (1) offers this memorandum brief in response to Merck & Co., Inc.'s motion to stay all proceedings and (2) requests an expedited ruling on his motion to remand.

On March 22, 2006, Merck filed a notice of removal in which Merck contended that Dr. Leon Casals was fraudulently joined as a party-defendant. As demonstrated in the contemporaneously filed motion to remand, neither Merck nor Dr. Casals proffered any evidence to negate that factual allegations that Dr. Casals

actually treated Essie Mae Hendrix and prescribed Vioxx or gave samples of Vioxx to her. Neither named defendant even suggested these factual allegations are untrue. Moreover, in his complaint, Isaac Hendrix separately asserted a viable medical-negligence cause of action against Dr. Casals. Isaac Hendrix adopts and incorporates herein his motion to remand. Before this Court, Isaac Hendrix strenuously argues that Merck's claim of fraudulent joinder lacks merit and that, certainly, Merck fails to satisfy its heavy burden of demonstrating that Dr. Casals was fraudulently joined as party-defendant.

Also, on March 22, 2006, Merck filed a motion to stay all proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation. Merck specifically requested that this Court stay any consideration of a motion to remand. For the reasons stated herein, Isaac Hendrix opposes staying consideration of his contemporaneously filed motion to remand. Isaac Hendrix does not oppose staying any proceedings not associated with the resolution of his motion to remand.

Isaac Hendrix's position is that, due to a lack of jurisdiction, this lawsuit should not proceed in any federal district court. More importantly, Isaac Hendrix should not be compelled to go to the Eastern District of Louisiana to argue whether Dr. Casals was or was not fraudulently joined before a trial judge who may not be familiar with Alabama substantive and procedural law. That other judges and magistrate judges have consented to such motions to stay consideration of a motion

to remand does not justify (a) depriving Isaac Hendrix from having a timely resolution of his motion to remand before a court familiar with Alabama substantive and procedural law or (b) allowing Merck to decide the forum for handling the motion to remand.

In <u>Greene v. Wyeth</u>, a case involving a similar mass-tort drug litigation and involving the drug manufacturer's assertion that treating/prescribing physicians were fraudulently joined, the trial court denied a request to stay consideration of a motion to remand and wrote:

> The Wyeth Defendants argue that the MDL court is better suited to consider the remand issue .... This Court disagrees. The central inquiry in determining whether the jurisdictional issue is more appropriately resolved by the MDL court should be whether deferring to that court would advance the interests for which the statute authorizing multidistrict litigation were intended. ... As explained in more detail below, this court concludes that determination of the jurisdictional issue presented in this case will rely on examination of factual issues and interpretation of Nevada law. The Wyeth Defendants have not provided the Court any authority establishing that the MDL courts has previously considered the issue of Nevada law which is raised; and, in any event, it is clear that a court within the District of Nevada is best-suited for consideration of the matter. ... Moreover, the Court finds that the interest of expediency weighs in favor of determining the motion to remand.

344 F. Supp. 2d 674, 678-79 (D. Nev. 2004)(citations omitted).

See also <u>In Massachusetts Diet Drug Litigation</u>, wherein the trial court found "unconvincing" Wyeth's contention that the MDL Court was "in a better position

to address the legal and factual issues presented by the plaintiffs' motions to remand." 338 F. Supp. 2d 198, 201 (D. Mass. 2004). As in <u>Greene</u>, the trial court found that it was "proper and efficient to rule on the pending motions to remand" before a transfer to the MDL was ordered because the primary issue raised in the motions to remand required considerations of Massachusetts law. 338 F. Supp. 2d at 201. The trial court noted that "several other federal district courts" had denied similar motions to stay consideration of motions to remand. 338 F. Supp. 2d at 201 (citations omitted).

In <u>Baker v. Asbestos Defendants</u>, the trial court wrote:

> Here, the Court chooses not to exercise its discretion to stay proceeding pending notification of the JPML because a stay would not serve the interests of consistency or efficiency. Defendant asserts that "remand motions are routinely deferred to transferee courts." In support of its position, Defendant first cites <u>Rivers v. Walt Disney Co.</u>, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997). In <u>Rivers</u>, however, the district court held that a stay was appropriate in part because no jurisdictional questions were at issue. <u>Id</u>. at 1361-62. Indeed, motions to remand are often heard by a district court despite the fact that a relevant MDL Transfer Court has already been created. ... As discussed, <u>supra</u>, because Defendant in the instant action has clearly failed to demonstrate that removal was appropriate under 28 U.S.C. § 1442, the only result of staying proceeding will be unnecessary delay.

2004 WL 2196814 at * 3 (N.D. Cal. Sep. 27, 2004).

In <u>Johnson v. Micron Technology, Inc.</u>, the trial court quoted the following passage from the <u>Manual for Complex Litigation</u>:

> "When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss or to *remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer*."

354 F. Supp. 2d 736, 739-40 (E.D. Mich. 2005)(quoting <u>Manual for Complex Litigation</u>, § 20.132, at 220-21 (4th Ed.)(emphasis added by court)).  In <u>Johnson</u>, the court indicated that it would have exercised its discretion not to rule on a pending motion to remand if the motion had involved the issue of a defendant's domicile or whether federal-question jurisdiction existed because such questions were not factually unique to this plaintiff's lawsuit.  It was preferable for the MDL transferee court to uniformly resolve a particular defendant's domicile or whether a federal question existed.  The <u>Johnson</u> court wrote:

> However, the issue presented by this remand motion is unique to this case and does not involve questions of law and fact common to similar claims across the country.  The question that must be decided here is whether this Plaintiff meets the amount in controversy requirement.  ...  Allowing the transferee court to decide these issues unique to these parties would not promote judicial efficiency.  Thus, this jurisdictional issue is ripe for consideration now.

354 F. Supp. 2d at 740.

The issues raised in Isaac Hendrix's motion to remand are unique to this case.  Isaac Hendrix argues that he asserted a viable medical-negligence cause of action against Dr. Casals, one that an Alabama state court would deem viable, and that, under Alabama procedure practice, he could properly join this medical-negligence cause of action with the products-liability causes of action asserted against Merck in a single lawsuit.  Resolving Isaac Hendrix's motion to remand does not involve a common legal or factual questions that would be best resolved uniformly by a MDL transferee court.

By requesting a stay, Merck clearly seeks to choose the forum in which Isaac Hendrix's motion to remand will be resolved.  Merck desires a distant forum outside the Eleventh Circuit and a trial judge who may be unfamiliar with Alabama law.  Granting the requested stay of consideration of his motion to remand will inconvenience Isaac Hendrix because he will be forced to expend additional resources to resolve the fraudulent-joinder question in a distant forum.   The question of whether Merck's removal was appropriate should be decided now and in this forum.

There is nothing efficient or just in what Merck seeks to do.  Efficiency would best be served by this Court now deciding whether, under Alabama law, Isaac Hendrix stated a colorable claim against Dr. Calas.  If he did, then the removal was improper, and this matter should never be litigated in any federal

court. It would be unjust to force Isaac Hendrix to incur the inconvenience and cost of having to resolve his challenge to Merck's removal in the Eastern District of Louisiana before a trial judge who may have to be educated regarding Alabama law.

This Court has the jurisdiction to rule on the motion to remand up until there is a formal transfer to the Vioxx MDL proceeding. There is no rationale for unnecessarily delaying a consideration of the pending motion to remand. While this Court has the discretion not to rule on the motion to remand, under the existing circumstances, this Court should not do so. Having such discretion should not a "license" to avoid ruling on the motion to remand when this court is the most appropriate forum to address issues that are unique to this lawsuit. Instead, Isaac Hendrix asks this Court to consider his motion to remand and to determine whether Merck met its heavy burden of demonstrating that Dr. Calas was fraudulently joined as a party-defendant.

In summation, this Court should exercise its jurisdiction and rule on Isaac Hendrix's motion to remand. The pertinent factors weigh heavily against the exercise any discretion to refrain from ruling on the motion to remand and forcing Isaac Hendrix to renew his request for a remand before the MDL transferee court. Therefore, Isaac Hendrix asks this Court to deny Merck's motion to stay consideration of his motion to remand and, instead, to expedite the consideration of

his motion to remand so that a ruling is made before any transfer to the MDL

transferee court becomes final.

Respectfully submitted,

/s/ Tom Dutton
Tom Dutton, Esq. (ASB-2059-U50T)
PITTMAN, HOOKS, DUTTON, KIRBY &
HELLUMS, P.C.
Suite 1100, Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205)322-8880
(205)328-2711 (fax)
Email: phdkh-efiling@pittmanhooks.com

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of records:

Philip H. Butler, Esq.
William C. McGowan, Esq.
George R. Parker, Esq.
BRADLEY, ARANT, ROSE & WHITE, LLP.
The Alabama Center of Commerce
401 Adams Avenue, Ste. 780
Montgomery, Alabama 36104

Fred M. Haston, III, Esq.
Anne Marie Seibel, Esq.
F. Wendell Allen, Esq.
Bradley, Arant, Rose & White, LLP.
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203-2119

Randal H. Sellers, Esq.
Starnes & Atchison, LLP.
Seventh Floor, 100 Brookwood Place
P. O. Box 598512
Birmingham, Alabama 35259-8512

/s/ Tom Dutton
Of Counsel