IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE WILLIAMS, *et. al.*, | ) | CASE NO. 5:03-CV-8030 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge James S. Gwin |
| | ) | |
| | ) | |
| KNOLL PHARMACEUTICAL CO., *et. al.*, | ) | ORDER, |
| | ) | [Resolving Doc. No. 2] |
| Defendants. | ) | |

Plaintiffs Janice W. Williams, Willie M. Allen, Anner Bankhead, Belulah Berry, James Blackwell, Katie R. Darby, Judy Lene Issac, Lizzie Lang, Kathy J. Reeves Mathis, Sheila Moffet, Doris V. Neal, Shirley A. Porter and Linda Willhite, for the estate of David Whillhite (collectively "the Meridia plaintiffs") moved the Court to remand this action to the Circuit Court of Noxubee County, Mississippi. The Meridia plaintiffs' motion comes to this Court following the transfer of the case to the Northern District of Ohio for multi-district pretrial proceedings pursuant to 28 U.S.C. § 1407.

With their motion, the Meridia plaintiffs contend that this Court enjoys neither diversity nor federal question jurisdiction. The Defendants Abbott Laboratories, Inc. ("Abbott") and Knoll Pharmaceutical Company ("Knoll") (collectively "the Pharmaceutical Defendants") oppose the motion. The remaining defendants do not respond.



Case No. 5:03-CV-8030
Gwin, J.

For the reasons that follow, the Court denies the motion to remand. Additionally, finding them to be dispensable parties, the Court dismisses Defendants Marcus Aeneas Crittenden ("Crittenden"), William G. Bennett ("Bennett"), James L. Holzhauer ("Holzhauer"), Larry Morris ("Morris"), Edward K. Gore ("Gore"), and George Cain ("Cain) (collectively "the Physician Defendants"). This dismissal is without prejudice to the Meridia plaintiffs' ability to file their state claims against the Physician Defendants in state court.

## I. Background

The underlying negligence action involves the diet drug Meridia. All of the Meridia plaintiffs allege that their ingestion of Meridia resulted in cardiovascular and cerebrovascular injuries. Certain Plaintiffs also sue Defendants Crittenden, Bennett, Holzhauer, Morris, Gore, and Cain, physicians licensed by the State of Mississippi. Six of the Meridia plaintiffs used Meridia after being prescribed Meridia by a Physician Defendant. Specifically, Dr. Crittenden prescribed Meridia to Plaintiff Janice W. Williams ("Williams"), Dr. Bennett prescribed Meridia to Plaintiff Anner Bankhead ("Bankhead"), Dr. Holzhauer prescribed Meridia to Plaintiff Lizzie Lang ("Lang"), Dr. Morris prescribed Meridia to Plaintiff Kathy J. Reeves Mathis ("Mathis"), Dr. Gore prescribed Meridia to Plaintiff Doris V. Neal ("Neal"), and Dr. Cain prescribed Meridia to Shirley A. Porter ("Porter"). The remaining Meridia plaintiffs do not state how they obtained Meridia.

On January 13, 2003, the Meridia plaintiffs all sued Knoll Pharmaceutical Company ("Knoll"), Abbott Laboratories ("Abbott"), BASF AG, BASF Corporation and SmithKline Beecham Corp. doing business as GlaxoSmithKline. The Meridia plaintiffs' complaint makes claims for strict product liability, negligent product liability, breach of express warranty, breach of implied warranty, and fraud against the Pharmaceutical Defendants. Additionally, Plaintiff Williams sued Dr. Crittenden, Plaintiff Bankhead sued

Case No. 5:03-CV-8030
Gwin, J.

Dr. Bennett, Plaintiff Lang sued Dr. Holzhauer, Plaintiff Mathis sued Dr. Morris, Plaintiff Neal sued Dr. Gore, and Plaintiff Porter sued Dr. Cain for medical malpractice.

On February 19, 2003, the Pharmaceutical Defendants removed the action to the Southern District of Mississippi. On February 27, 2003, the Meridia plaintiffs moved the Court to remand the action to the Circuit Court of Noxubee County, Mississippi. The Pharmaceutical Defendants oppose the motion.

On May 22, 2003, the Judicial Panel on Multidistrict Litigation ("the MDL Panel") transferred the case to this Court for consolidated pretrial proceedings. As the transferee court, the Meridia plaintiffs' motion to remand is now before this Court.

II. Standard & Analysis

A. Standard

A defendant may remove any civil action brought in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Two types of original jurisdiction exist, diversity and federal question. Diversity jurisdiction arises when the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If a federal court of competent jurisdiction determines a case lacks diversity or federal question jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). Moreover, if a party improperly removes a case to federal court pursuant to 28 U.S.C. §1441, the court must remand the case back to the state court from which it had been removed. 28 U.S.C. §1447(d). Remand may be initiated *sua sponte* or upon motion of a party. *Wood v. Home Ins. Co.*, 305 F. Supp. 937, 938 (C.D. Cal. 1969). Because

Case No. 5:03-CV-8030
Gwin, J.

federal courts are courts of limited jurisdiction, the removing party has the burden of establishing federal jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35 (1921). Moreover, removal jurisdiction raises significant federalism concerns. S*ee Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 3233 (1986); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983). Therefore, federal courts must strictly construe removal jurisdiction. *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 872 (1941). Accordingly, if a federal court is in doubt of its jurisdiction, it must resolve such doubt in favor of state court jurisdiction. *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F. Supp. 1098, 1102 (D.S.C. 1990).

B. Analysis

1. Jurisdiction of Transferee Court

Pursuant to 28 U.S.C. § 1407, the MDL Panel transferred the case to this Court. After such a transfer, the transferee court exercises not only the judicial powers in the transferee district but also "the powers of a district judge in any district for the purpose of conducting pretrial dispositions in such coordinated or consolidated proceedings." 28 U.S.C. § 1407(b). Further, the transferee court may rule on motions to remand pending in the transferor court at the time of removal. *See, e.g., In re Professional Hockey Antitrust Litig.*, 369 F.Supp. 1117, 1118 (J.P.M.L.1974); *See In re Florida Everglades Air Disaster Litig.*, 368 F. Supp. 812 (J.P.M.L. 1973). Therefore, the Court has jurisdiction to resolve the motion to remand.

2. Choice of Law

The Court has before it both state law and federal claims. In their complaint, the Meridia plaintiffs set forth state law negligence and product liability claims. With their motion to remand, the Meridia plaintiffs

Case No. 5:03-CV-8030
Gwin, J.

challenge the Court's federal jurisdiction. However, the Court does not engage in a choice of law discussion because Ohio and Mississippi follow the same general rule. Moreover, to the extent that the resolution of the motion to remand turns on procedural issues, the Federal Rules of Civil Procedure govern.

### 3. Original Federal Jurisdiction

In opposing the motion to remand, the Pharmaceutical Defendants contend that federal jurisdiction is appropriate because they say both types of original jurisdiction exist. First, they allege the parties are diverse. Although diversity does not exist on the face of the complaint, the Pharmaceutical Defendants say that the Meridia plaintiffs misjoined the plaintiffs asserting claims against the only nondiverse defendants, the Physician Defendants. Alternatively, they claim that the Meridia plaintiffs fraudulently joined the Physician Defendants. Second, the Pharmaceutical Defendants assert that the Court has federal question jurisdiction. Specifically, they claim that the Meridia plaintiffs' negligence allegations effectively challenge the Food & Drug Administration's ("the FDA") approval of Meridia and the adequacy of the FDA's approval process for prescription drugs. The Pharmaceutical Defendants further say that this challenge raises a substantial federal question.

The Court now examines whether original jurisdiction exists.

#### a. Diversity Jurisdiction

On the face of the complaint, diversity does not exist. All of the Meridia plaintiffs are Mississippi citizens and the six Physician Defendants are Mississippi citizens. However, under Federal Rule of Civil Procedure 21, a court may perfect diversity by dropping a nondiverse and dispensable party at anytime.[1]

---

[1] 28 U.S.C. § 1332 requires complete diversity of the parties at the time the suit is instituted. However, this rule only applies to indispensable parties.

Case No. 5:03-CV-8030
Gwin, J.

*See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir. 1999) ("Although we agree that a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity."); *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). *See also Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir. 1973); *Jett v. Phillips & Assocs.*, 439 F.2d 987 (10th Cir. 1971).

Further, courts may drop a dispensable party *sua sponte* or on the motion of a party. Fed. R. Civ. P. 21. *See Soberay Mach. & Equip. Co.*, 181 F.3d at 763 ("It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time."); *Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994); *Neeld v. American Hockey League*, 439 F. Supp. 459, 462 (W.D.N.Y. 1977) ("[a federal] court has inherent power to perfect its jurisdiction."); *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir. 1973); *Jett v. Phillips & Assocs.*, 439 F.2d 987 (10th Cir. 1971). Finally, Rule 21 applies to the dismissal of properly joined parties as well as misjoined parties. *See Safeco Ins. Co. v. City of White House, Tenn.*, 36 F.3d 540, 546 (1994).

Since Rule 21 applies to both properly joined and misjoined parties, the Court does not decide whether the plaintiffs are misjoined. Instead, the Court determines whether the six Physician Defendants are dispensable parties under Fed. R. Civ. P. 19. If the six Physician Defendants are dispensable parties, the Court may drop them and perfect diversity jurisdiction.

Determining whether a party is indispensable is a two-step process. First, the Court decides whether the person is necessary pursuant to Fed. R. Civ. P. 19(a). Under Rule 19(a), "a party is 'needed for just adjudication' . . . if: (1) complete relief cannot be given to existing parties in his absence; (2)

-6-

Case No. 5:03-CV-8030
Gwin, J.

disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Safeco Ins. Co.*, 36 F.3d at 546 (citing Fed.R.Civ.P. 19(a)(1) & (2)(i)-(ii)). If the party is a necessary party, the Court then determines if he is indispensable. "An indispensable party must be distinguished from a necessary party, who is a person having such an interest in the controversy that he ought to be made a party in order to finally determine the entire controversy but whose interest is separable." *Shields v. Barrow*, 17 How. 130, 58 U.S. 130, 139 (1854).

In analyzing whether a party is indispensable, Rule 19(b) instructs courts to consider four factors: 1) to what extent a judgment rendered in the person's absence might prejudice the person or those already parties; 2) the extent to which the prejudice can be lessened or avoided; 3) whether a judgment rendered in the person's absence will be adequate; and 4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

Here, assuming the Physician Defendants are necessary parties, they are dispensable. The Meridia plaintiffs seek to recover damages, "jointly and severally" from all of the defendants. Compl. ¶ 64. Courts generally hold that jointly and severally liable tortfeasors are not indispensable to an action against any one of them. *See McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848 (5th Cir. 1978); *Kerr v. Compagnie De Ultramar*, 250 F.2d 860 (2d Cir. 1958); *Weaver v. Marcus*, 165 F.2d 862 (4th Cir. 1948). Further, the Meridia plaintiffs have an adequate remedy if the Court drops the nondiverse Physician Defendants because the Meridia plaintiffs can proceed with their claims against the Physician Defendants in state court.

Therefore, the Court concludes that the nondiverse Physician Defendants are dispensable parties. Accordingly, the Court drops the six Physician Defendants from this suit to achieve diversity.

Case No. 5:03-CV-8030
Gwin, J.

### b. Fraudulent Joinder

Because the Court dismisses the Physician Defendants to perfect its diversity jurisdiction, the Court does not decide the fraudulent joinder issue.

### c. Federal Question

Besides alleging that diversity jurisdiction exists, the Pharmaceutical Defendants contend that the Court has federal question jurisdiction. Since diversity jurisdiction exists, the Court does not reach the federal question issue. The Court notes, however, that federal question jurisdiction does not exist and refers the reader to this Court's decisions in *Watson v. Abbott Laboratories, Inc.*, No. 5:02-CV-8030 (N.D. Ohio Apr. 8, 2003) and *Bracero v. Abbot Labs.*, 5:03-CV-8018 (N.D. Ohio May 13, 2003) for a discussion of the issue.

### III. Conclusion

For the reasons discussed above, the Court denies the Meridia plaintiffs' motion to remand. Additionally, the Court dismisses the nondiverse Physician Defendants. This dismissal is without prejudice to the Meridia plaintiffs' ability to file their state claims against the Physician Defendants in state court.

IT IS SO ORDERED.

Dated: July 11, 2003               s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE