IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE WILLIAMS, *et. al.*, | ) | CASE NO. 5:03-CV-8030 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge James S. Gwin |
| | ) | |
| | ) | |
| KNOLL PHARMACEUTICAL CO., *et. al.*, | ) | ORDER, |
| | ) | [Resolving Doc. No. 7] |
| Defendants. | ) | |

On July 28, 2003, Plaintiffs Janice W. Williams, Willie M. Allen, Anner Bankhead, Belulah Berry, James Blackwell, Katie R. Darby, Judy Lene Issac, Lizzie Lang, Kathy J. Reeves Mathis, Sheila Moffet, Doris V. Neal, Shirley A. Porter and Linda Willhite, for the estate of David Whillhite (collectively "the Meridia Plaintiffs") moved the Court to reconsider its July 21, 2003, order denying the Meridia Plaintiffs' motion to remand their action against Defendants Abbott Laboratories, Inc. ("Abbott") and Knoll Pharmaceutical Co. ("Knoll") (collectively "the Pharmaceutical Defendants") to the Circuit Court of Noxubee County, Mississippi. The Pharmaceutical Defendants oppose the motion.

For the reasons that follow, the Court denies the Meridia Plaintiffs' motion for reconsideration.

## I. Background

The underlying negligence action involves the diet drug Meridia. All of the Meridia Plaintiffs allege that their ingestion of Meridia resulted in cardiovascular and cerebrovascular injuries. Certain

-1-


EXHIBIT
C

Case No. 5:03-CV-8030
Gwin, J.

plaintiffs also sued Defendants Crittenden, Bennett, Holzhauer, Morris, Gore, and Cain, (collectively "the Physician Defendants"), physicians licensed by the State of Mississippi. Six of the Meridia Plaintiffs used Meridia after being prescribed Meridia by a Physician Defendant. Specifically, Dr. Crittenden prescribed Meridia to Plaintiff Janice W. Williams ("Williams"), Dr. Bennett prescribed Meridia to Plaintiff Anner Bankhead ("Bankhead"), Dr. Holzhauer prescribed Meridia to Plaintiff Lizzie Lang ("Lang"), Dr. Morris prescribed Meridia to Plaintiff Kathy J. Reeves Mathis ("Mathis"), Dr. Gore prescribed Meridia to Plaintiff Doris V. Neal ("Neal"), and Dr. Cain prescribed Meridia to Shirley A. Porter ("Porter"). The remaining Meridia Plaintiffs do not state how they obtained Meridia.

On January 13, 2003, the Meridia Plaintiffs all sued Knoll Pharmaceutical Company ("Knoll"), Abbott Laboratories ("Abbott"), BASF AG, BASF Corporation and SmithKline Beecham Corp. doing business as GlaxoSmithKline. The Meridia Plaintiffs' complaint makes claims for strict product liability, negligent product liability, breach of express warranty, breach of implied warranty, and fraud against the Pharmaceutical Defendants. Additionally, Plaintiff Williams sued Dr. Crittenden, Plaintiff Bankhead sued Dr. Bennett, Plaintiff Lang sued Dr. Holzhauer, Plaintiff Mathis sued Dr. Morris, Plaintiff Neal sued Dr. Gore, and Plaintiff Porter sued Dr. Cain for medical malpractice.

On February 19, 2003, the Pharmaceutical Defendants removed the action to the Southern District of Mississippi. On February 27, 2003, the Meridia Plaintiffs moved the Court to remand the action to the Circuit Court of Noxubee County, Mississippi. The Pharmaceutical Defendants opposed the motion.

On May 22, 2003, the Judicial Panel on Multidistrict Litigation ("the MDL Panel") transferred the case to this Court for consolidated pretrial proceedings. As the transferee court, the Meridia Plaintiffs' motion to remand was before this Court.

Case No. 5:03-CV-8030
Gwin, J.

On July 21, 2003, the Court denied the Meridia Plaintiffs' motion to remand after dismissing

without prejudice the nondiverse Physician Defendants pursuant to Fed. R. Civ. P. 19(b).

On July 28, 2003, the Meridia Plaintiffs moved the Court to reconsider its July 21, 2003 order.

The Pharmaceutical Defendants oppose the motion.

## II. Standard & Analysis

### A. Standard

Without citing to any particular Federal Rule of Civil Procedure, the Meridia Plaintiffs ask the

Court to reconsider its July 21, 2003, order. The Federal Rules do not contemplate motions to

"reconsider and vacate." The Sixth Circuit has held, however, that courts may treat a motion to vacate

and reconsider as a motion to alter or amend a judgment under Rule 59(e). *Smith v. Hudson*, 600

F.2d 60, 62-63 (6th Cir. 1979). Moreover, "[w]hen a party files a motion to reconsider a final order

or judgment within ten days of entry, [the Sixth Circuit] generally consider[s] the motion to be brought

pursuant to Rule 59(e)." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002). Such a

motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*,

904 F. Supp. 644, 669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment if a clear error of law or newly

discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest

injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not

the function of a motion to reconsider either to renew arguments already considered and rejected by a

court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal

theory or argument could, with due diligence, have been discovered and offered during the initial

Case No. 5:03-CV-8030
Gwin, J.

consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp.

1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury,* 854 F. Supp. 1403,

1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court, its

'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.'"

*Dana Corp. v. United States,* 764 F. Supp. 482, 489 (N.D. Ohio 1991).

### B. Analysis

The Meridia Plaintiffs base their motion for reconsideration on two grounds. First, they claim that,

while the Court may dismiss parties to retain jurisdiction, the Court may not dismiss parties to establish

jurisdiction. Second, the Meridia Plaintiffs argue that judicial economy dictates remand.

Responding, the Pharmaceutical Defendants contend that the Meridia Plaintiffs fail to establish a

clear error of law, an intervening change in controlling law, or any other basis for this Court to reconsider

its July 21, 2003 order.

The Court now examines each of the Meridia Plaintiffs' arguments.

#### 1. Court May Not Dismiss Parties to Establish Jurisdiction

As an initial matter, the Meridia Plaintiffs allege that the Court lacked authority to issue any rulings

before resolving the motion to remand. They rest this assertion on *University of South Alabama v.*

*American Tobacco Company,* 168 F.3d 405 (11th Cir. 1999).

The Meridia Plaintiffs misplace their reliance on *American Tobacco Company.* First, *American*

*Tobacco Company* is not controlling authority. Moreover, the *American Tobacco Company* court did

not conclude that a district court could not resolve procedural matters before addressing whether remand

is appropriate. Instead, the *American Tobacco Company* court held that a district court must determine

-4-

Case No. 5:03-CV-8030
Gwin, J.

its subject matter jurisdiction before deciding whether to dismiss an action on the merits of a complex

question of substantive state law. *Am. Tobacco Co.*, 168 F.3d at 409.

Next, the Meridia Plaintiffs claim that the Court may dismiss parties to retain jurisdiction but not

to perfect jurisdiction. As support for this allegation, the Meridia Plaintiffs rely on *Safeco Ins. Co. v. City*

*of White House, Tenn.*, 36 F.3d 540 (6th Cir. 1994).

This argument fails to persuade the Court. As discussed in the Court's July 21, 2003 order,

established precedent holds that a federal court may perfect diversity by dropping a nondiverse and

dispensable party at anytime. *See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989);

*Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999); *Ingram v. CSX*

*Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998); *Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st

Cir. 1991); *Smado v. Crawford Mfg. Co.*, 111 F.R.D. 415, 418 (N.D. Ill. 1986).

Further, many courts have held that courts may use Rule 21 to perfect diversity jurisdiction even

where complete diversity did not exist on the face of the complaint. *See, e.g., Newman-Green*, 490 U.S.

at 830 (stating that while "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist

when the complaint is filed," exceptions exist including a court's power to achieve diversity by dropping

parties pursuant to Rule 21); *Galt G/S v. JSS Scandanavia*, 142 F.3d 1150, 1154 (9th Cir. 1998) ("Rule

21 specifically allows for the dismissal of parties *at any stage of the action.* There is no requirement that

diversity exist at the time of the filing of the complaint.") (emphasis in original); *Anderson v. Moorer*, 372

F.2d 747, 750 (5th Cir. 1967) (dismissing nondiverse defendants named in the original complaint); *Ledet*

*v. Fleetwood Enter., Inc.*, No. Civ.-A., 99-0895, 1999 WL 508401, *1 (E.D. La. July 15, 1999)

("Generally, complete diversity must exist at the time an action is filed. However, 'nonindispensable parties

may be dropped on motion or by order of court to achieve the requisite diversity of citizenship. . . . '"

Case No. 5:03-CV-8030
Gwin, J.

(citation omitted).

The Meridia Plaintiffs fail to cite any legal authority to the contrary. Nor do they dispute that the Physician Defendants are dispensable parties. Instead, they claim that *Safeco* and the other cases relied on by the Court, *Jett v. Phillips &Assocs., Caperton v. Beatrice Pocahontas Coal Co.,* and *Neeld v. American Hockey League,* are distinguishable because diversity jurisdiction existed at the time of the filing in those cases. The Meridia Plaintiffs are incorrect.

First, diversity jurisdiction did not exist on the face of the complaint in *Jett, Caperton,* and *Neeld.* Instead, the plaintiffs in these cases named the nondiverse defendants in the original complaint. *See Jett v. Phillips & Assocs.,* 439 F.2d 987, 989 (10th Cir. 1971); *Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683, 686 (4th Cir. 1973); *Neeld v. American Hockey League,* 439 F. Supp. 459, 462 (W.D. N.Y. 1977). More important, none of these decisions limited Rule 21's application to cases where federal jurisdiction existed initially. To the contrary, in dismissing the nondiverse defendant named in the original complaint, *Jett* explained that "[p]arties of course may be dropped in order to achieve the requisite diversity of citizenship if their presence is not essential." *Jett, 439* F.2d at 990-91. The *Caperton* court also made a similar finding. *Caperton,* 585 F.2d at 690 (finding "sound authority for the view that non-diverse parties whose presence is not essential under Rule 19 may be dropped to achieve diversity").

Similarly, the Meridia Plaintiffs misplace their reliance on *Safeco*. The Meridia Plaintiffs argue that *Safeco* limits a court's use of Rule 21 to retaining diversity jurisdiction rather than achieving diversity jurisdiction. They note that the *Safeco* court dismissed the indispensable parties to preserve its jurisdiction. They also point to the fact that *Safeco* originated in federal court, whereas the instant case originated in state court.

Case No. 5:03-CV-8030
Gwin, J.

The Sixth Circuit rejected this limitation on Rule 21 in *Soberay Machine & Equip. Co. v. MRF., Ltd, Inc.*, 181 F.3d 759 (6th Cir. 1999). In *Soberay*, the defendant made a similar argument:

> Defendant first argues that because Plaintiff's original complaint, filed in federal district court under 28 U.S.C. § 1332 lacked complete diversity of citizenship, inasmuch as Plaintiff named IPEC -- a nondiverse party -- as a defendant, the district court lacked subject matter jurisdiction over the complaint and should have dismissed the case pursuant to Fed. R. Civ. P. 12(b)(7). Defendant claims that Plaintiff did not cure this jurisdictional defect by amending its complaint and dropping IPEC from the suit because jurisdiction is determined at the time the case is initially commenced and may not be created by dropping an indispensable party.

*Id.* at 763. The *Soberay* court rejected this argument, reasoning that "[a]lthough we agree that a party may not create diversity by dropping a nondiverse and indispensable party, we note that it is appropriate to drop a nondiverse and dispensable party from litigation in order to **achieve** diversity." *Id.* (emphasis added). The *Soberay* court then quoted the *Safeco* court: "'It is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" *Id.* (quoting *Safeco*, 36 F.3d at 545).

Likewise, the First Circuit rejected an argument that under the removal statute, 28 U.S.C. § 1447(c), a court must remand a case once diversity is destroyed instead of curing the jurisdictional defect. *See Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir. 1991) (interpreting § 1447 as instructing a court to remand a case once the court finds that it "lacks subject matter jurisdiction *after federal courts have appropriately exercised any or all appropriate procedural powers including the power to add, or drop, other parties*.") (emphasis added). This conclusion accords with a federal treatise's recognition that courts "have used Rule 21 to drop a party who was joined in an action for the purpose of preventing removal to a federal court. . . ." 7 Charles Alan Wright, *et. al.*, Fed. Prac. & Proc. Civ. § 1685 (3d ed. 2003).

-7-

Case No. 5:03-CV-8030
Gwin, J.

Since courts may drop dispensable parties anytime to achieve diversity, the Pharmaceutical Defendants' attempt to distinguish between retaining and establishing diversity jurisdiction does not persuade the Court. Additionally, although the *Soberay* court dropped the nondiverse party pursuant to the plaintiff's motion, the distinction is immaterial because courts may dismiss dispensable parties *sua sponte* to achieve diversity. Fed. R. Civ. Pro. 21.

Finally, it is well established that district courts may consider the propriety of joinder and drop improperly joined parties before deciding if diversity jurisdiction exists in removed cases. *See, e.g., In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC,* 261 F. Supp. 2d 483, 490 (E.D. Va. 2003).

### 2. Judicial Economy Dictates Remand

Alternatively, the Meridia Plaintiffs contend that even if the Court had authority to drop the physicians to perfect diversity, judicial economy favors remand. As support, they cite *Massaro v. Bard Access Systems, Inc.,* 209 F.R.D. 363 (E.D. Pa. 2002) and *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1997).

*Massaro* and *Hensgens* are inapposite. In both cases, the court addressed whether a court may exercise its discretion to permit joinder under Rule 20 of a non-diverse defendant following removal to a federal court. The *Massaro* court found that the parties met the permissive joinder requirements and exercised its discretion to allow the joinder. Neither the *Massaro* court nor the *Hensgens* court suggested that joinder is required. In fact, *Massaro* recognized that physicians are not indispensable parties in a suit against a medical device manufacturer. *Massaro*, 209 F.R.D. at 366.

Even if the Meridia Plaintiffs met the permissive joinder requirements here, this does not alter the

-8-

Case No. 5:03-CV-8030
Gwin, J.

Court's analysis. Rule 21 permits courts to drop properly joined parties along with misjoined parties. *See Safeco*, 36 F.3d at 546.

Finally, the Meridia Plaintiffs argue that joinder of the physicians promotes judicial efficiency. The Court disagrees. Allowing the Meridia Plaintiffs to maintain their claims against the Physician Defendants stops the consolidation of this action with the other many Meridia lawsuits currently before this Court. Combining similar claims relating to the design, manufacture, and warnings of Meridia best serves efficiency. This is especially true here where all of the Meridia Plaintiffs do not bring claims against their individual doctors. Only six of the thirteen Meridia Plaintiffs set forth claims against individual physicians. Therefore, the Pharmaceutical Defendants' burden of litigating duplicative claims simultaneously in state courts across the country outweighs any burden that some of the Meridia Plaintiffs bear in litigating the separate physician malpractice claims in state court.

In sum, the Meridia Plaintiffs fail to show a clear error of law, intervening authority or manifest injustice.

### III. Conclusion

For the reasons discussed above, the Court denies the Meridia Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.


Dated: August 18, 2003                    s/ _____ *James S. Gwin* _____
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE