IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ISAAC HENDRIX, SR., as Personal Representative of the Estate of Essie Mae Hendrix, deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC.; LEON CASALS, M.D.; et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER<br>)    2:06cv265-SRW<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S INITIAL MEMORANDUM BRIEF IN RESPONSE
DR. LEON CASALS' "MOTION TO DISMISS
PURSUANT TO RULE 54(b)"**

In compliance with this Court's Order of March 31, 2006, Isaac Hendrix, Sr., as Personal Representative of the Estate of Essie Mae Hendrix, deceased, offers this initial memorandum brief in response to Dr. Leon Casals' "Motion to Dismiss Pursuant to Rule 54(b)." Plaintiff asks this Court to enter an order consistent with the statements and arguments contained herein.

Procedural History

On February 10, 2006, Isaac Hendrix commenced this wrongful-death action in the Circuit Court of Montgomery County, Alabama. The named-defendants

were Merck & Co., Inc. ("Merck"), the manufacturer and supplier of Vioxx, and Dr. Casals, the treating physician who prescribed Vioxx to Essie Mae Hendrix, the deceased.

On March 22, 2006, Merck filed a notice of removal with this Court. The sole source of federal subject-matter jurisdiction asserted by Merck was diversity-of-citizenship jurisdiction. Merck contended that Dr. Casals, an Alabama resident like Essie Mae Hendrix at the time of her death, had been fraudulently joined as a party-defendant.

Also, on March 22, 2006, Merck filed a motion to stay all proceedings in this Court pending a decision by the Judicial Panel on Multidistrict Litigation as to whether to transfer this matter to the "Vioxx" MDL proceeding now pending in the Eastern District of Louisiana.

On March 29, 2006, Isaac Hendrix filed a motion to remand. In that motion, he challenged Merck's assertion that Dr. Casals is fraudulently joined. In addition, he addressed a motion to dismiss that Dr. Casals had filed in state court prior to the removal.

Also, on March 29, 2006, Isaac Hendrix filed a response to Merck's request for a stay all proceedings. In that submission, he requested that this Court not stay consideration of his motion to remand but, instead, that this Court expedite the consideration of his motion to remand so that this jurisdictional issue may be

resolved in this Alabama-based court, as opposed to in a Louisiana-based court.

## Dr. Casals' Present Motion

On March 31, 2006, Dr. Casals filed the motion to dismiss that is the subject of this response.

In the first numbered paragraph of his motion, Dr. Casals wrote:

> According to Merck's Notice of Removal: "There is complete diversity in this case because the purportedly non-diverse Physician Defendant has been fraudulently joined." (Notice of Removal, p.4). The Notice of Removal goes on to state that "'there is no possibility that the plaintiff[s] can prove a cause of action against the resident (non-diverse)' defendant." (Notice of Removal, p.4). The Notice of Removal claims that the defendant physician is fraudulently joined because the allegations in the plaintiff's Complaint are "conclusory" and "are contradicted by specific allegations that the manufacturer defendant concealed information from the general public, including healthcare providers." (Notice of Removal, p.4).

Motion to Dismiss Pursuant to Rule 54(b) at 1-2.

In the second and last numbered paragraph, Dr. Casals simply stated his agreement with Merck's fraudulent-joinder contention and "adopt[ed] and incorporate[d] by reference herein, Merck's arguments ... in its Notice of Removal." Id. at 2.

Before this Court, Dr. Casals proffered no individualized grounds as to why he would be entitled to a dismissal at this early stage in this litigation.

Procedural Argument

By filing a motion to remand, Isaac Hendrix challenged this Court's subject-matter jurisdiction to entertain this matter, including ruling on a motion to dismiss. If this Court's lacks subject-matter jurisdiction, then this Court should not rule on Dr. Casal's motion to dismiss. Plaintiff's request for a remand must be decided before this Court should even consider Dr. Casal's motion to dismiss. Therefore, Isaac Hendrix would ask that this Court defer any consideration of Dr. Casal's motion to dismiss until this Court, or some other federal court, rules on his motion to remand.

In addition, Merck filed a motion to stay all proceedings in this matter pending a possible transfer of this matter to the "Vioxx" MDL proceeding. "All" must include Dr. Casal's motion to dismiss. Isaac Hendrix has asked that the stay not include his motion to remand but did not oppose the staying of all other proceedings. If Merck's motion to stay is granted with no exception for the motion to remand, then this Court must stay consideration of Dr. Casal's motion to dismiss. If Isaac Hendrix's request that the stay not cover his motion to remand is

granted, then, still, this Court must stay consideration of Dr. Casal's motion to dismiss because, as previously stated, the issue of subject-matter jurisdiction must be resolved first.

For the above procedurally based reasons, this Court should defer any consideration of Dr. Casal's motion to dismiss (1) because this Court lacks subject-matter jurisdiction or (2) because Dr. Casal must seek his dismissal before the judge handling the MDL proceeding in the Eastern District of Louisiana.

## Substantive Arguments

Isaac Hendrix adopts and incorporates herein his previously filed motion to remand. In his motion to remand, he addressed the viability of the medical-negligence/wrongful-death cause of action asserted against Dr. Casals in the complaint, the appropriateness of joining that cause of action with the various products-liability based causes of action asserted against Merck, and the lack of merit in Merck's fraudulent-joinder contention. Herein, Isaac Hendrix will simply highlight the most salient points discussed in his motion to remand.

Count VIII of Isaac Hendrix's complaint is entitled "Medical Malpractice." Complaint ¶¶ 52-54. Isaac Hendrix factually alleged that Dr. Casals provided medical services and/or treatment to Essie Mae Hendrix. Complaint ¶ 53. Further,

he factually alleged (1) that Dr. Casals "negligently, wantonly and/or wrongfully prescribed and/or provided samples of ... Vioxx, to ... [Essie Mae Hendrix] with actual and/or constructive knowledge of the risks and dangers associated with the use of Vioxx" and (2) that, "[i]f Merck informed [Dr.] Casals of [the cardiovascular] risks [associated with Vioxx ingestion], [Dr.] Casals negligently failed to inform [Essie Mae Hendrix] of those risks." Complaint ¶ 54.

If Isaac Hendrix ultimately proves these factual allegations in Count VIII, he would be entitled to recover monetary damages from Dr. Casals. Steward v. Bay Minette Infirmary, 501 So. 2d 441 (Ala. 1986)(breaching standard of care in prescribing medications); Otwell v. Bryant, 497 So. 2d 111 (Ala. 1986)(physician must inform a patient of the significant perils associated with a course of treatment); Fain v. Smith, 479 So. 2d 1150 (Ala. 1985)(failure to get patient's informed consent). Therefore, a viable medical-negligence/wrongful-death cause of action is asserted against Dr. Casals.

Under Alabama procedural practice, "[a]ll persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Ala. R. Civ. P. 20(a). Isaac Hendrix alleges that Essie Mae Hendrix was injured due to ingesting Vioxx;

therefore, the claims asserted against Merck and Dr. Casals arise out of the same occurrence, the supplying of Vioxx to her. Unquestionably, there are questions of law or fact common to all defendants. For example, a common factual question is whether the ingestion of Vioxx was the cause-in-fact of any medical problem attributed to Essie Mae Hendrix's ingesting Vioxx. Isaac Hendrix seeks to hold both named defendants jointly, severally, or alternatively liable for any harm caused by ingesting Vioxx. Pursuant to Rule 20(a), Isaac Hendrix exercised his right to permissibly join his claims against Merck and Dr. Calas in a single lawsuit. This joinder was proper, and not fraudulent.

It is reasonable to presume that, as part of its defense, Merck will seek to utilize the learned-intermediary doctrine in order to shift all legal accountability onto Dr. Casals – Merck will seek to show that it adequately informed doctors of the risks associated with Vioxx and will argue that, if Vioxx was contraindicated for a particular patient, then the doctor was medically negligent in prescribing or giving Vioxx to that patient. In Ohler v. Purdue Pharma, L.P., 2002 WL 88945 (E.D. La. Jan. 22, 2002), the court granted a remand where Ohler sued both the drug manufacturer and the prescribing physician and where it was apparent that the drug manufacturer would assert a learned-intermediary based defense.

As pointed out in motion to remand, courts routinely find no fraudulent joinder in cases such as the present matter when, as here, the plaintiff asserts a

distinct medical-negligence cause of action against a treating physician. This is especially true when there is a factual allegation that the doctor knew or should have known of the drug's risks when prescribing the drug. In re Diet Drugs (Phentermine, Fenflurame, Dexfenfluramine) Products Liability Litigation, 220 F. Supp. 2d 414 (E.D. Pa. 2002)(finding no fraudulent joinder as to the two plaintiffs who were treated by one of the named physician-defendants); Greene v. Wyeth, 344 F. Supp. 2d 674 (D. Nev. 2004)(same); Crone v. Pfizer, Inc., 2004 WL 1946386 (N.D. Cal. Sep. 1, 2004)(distinct claim against physician with specific allegations that the physician knew or should have known the risks); Ritchie v. Warner-Lambert Co., 2001 WL 527501 (E.D. La. 2001)(same); Barragon v. Warner-Lambert Co., 216 F. Supp. 2d 627 (W.D. Tex. 2002)(same).

In addition, in Garcia v. Merck & Co. Inc., 2006 WL 582032 (S.D. Tex. Mar. 7, 2006), the court found unpersuasive Merck's argument that the plaintiffs could never recover against the named physician-defendant "because they claimed that the Drug Defendants misrepresented Vioxx's safety and concealed the drug's dangers." 2006 WL 582032 at * 3. The court observed that:

> the Honorable Eldon E. Fallon of the United States District for the Eastern District of Louisiana, to whom the Vioxx multidistrict proceeding ("MDL 1657") was assigned ... had issued orders that supports a finding that Plaintiffs could conceivably recover damages from the prescribing physician.

2006 WL 582032 at * 3 n.2. A remand was ordered because a viable medical-negligence cause of action was asserted against the prescribing doctor.

Further, in addition, in Galati v. Eli Lilly & Co., 2005 WL 3533387 (W.D. Mo. Dec. 22, 2005), in an order granting a request for remand, the court wrote:

> Even if Galati's complaint does state a cause of action against [Dr.] Ajans, Eli Lilly argues that joinder is still fraudulent because the complaint contains mutually exclusive pleadings. Specifically, Galati avers first that Eli Lilly withheld information about Zyprexa from [Dr.] Ajans; the [Dr.] Ajans had a right to rely on Eli Lilly's statements, representations, and advertisements; and that [Dr.] Ajans had no knowledge or reason to know of Eli Lilly's alleged failure to warn or its alleged misrepresentations. Later, in his complaint, Galati avers that [Dr.] Ajans negligently prescribed Zyprexa and failed to warn Galati of its health risks. Eli Lilly maintains the Galati cannot possibly prevail against [Dr.] Arens because his allegations of [Dr.] Ajans's negligence are specifically negated by his allegations against Eli Lilly. ...
>
> It is true that Galati's allegations against Eli Lilly and [Dr.] Ajans are most likely incompatible: if Eli Lilly misrepresented the dangers of Zyprexa, then [Dr.] Ajans was probably not negligent in failing to warn about those dangers. However, the Federal Rules of Civil Procedure permit pleading in the alternative. It is possible that discovery may yield evidence showing that Eli Lilly had warned [Dr. Ajans] of the dangers of Zyprexa and that he was negligent in not transmitting such warnings to Galati. **Indeed, the inability of a plaintiff to know at the time of pleading which, if any, parties are liable for his injuries is the reason alternative pleading is allowed.**

2005 WL 3533387 at * 3 (citations omitted; emphasis added).

While Garcia and Galati were not cited or discussed in the motion to

remand, each opinion supports a finding that Dr. Casals was not fraudulently joined as contended by Merck in its notice of removal and by Dr. Casals in his present motion to dismiss. Because Dr. Casals was not fraudulently joined as a party-defendant in Isaac Hendrix's complaint, Dr. Casals is not entitled to a dismissal on the sole ground asserted in his motion to dismiss filed with this Court.

## Conclusion

In his complaint, Isaac Hendrix asserted a viable medical-negligence cause of action against Dr. Casals. Pursuant to Rule 20(a), this medical-negligence cause of action was permissibly joined with the products-liability causes of action asserted against Merck. Dr. Casals was not fraudulently joined because Isaac Hendrix alternatively contends that Merck concealed information regarding the risks associated with Vioxx from Dr. Casals and that Dr. Casals knew or should have known those risks when he prescribed Vioxx to Essie Mae Hendrix. Dr. Casals is not entitled to the requested dismissal, especially based on the sole ground asserted in his motion, Merck's meritless fraudulent-joinder contention.

Respectfully submitted,

/s/ Elisabeth French
Elisabeth French, Esq. (ASB-3527-T81E)
PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
Suite 1100, Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205)322-8880
(205)328-2711 (fax)
Email: phdkh-efiling@pittmanhooks.com

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record:

/s/ Elisabeth French
Of Counsel