**MINUTE ENTRY**
**FALLON, J.**
**APRIL 28, 2005**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

    The monthly pretrial conference was held on this date by Judge Eldon E. Fallon. The Court first met with Plaintiffs' Liaison Counsel (PLC), Defendants' Liaison Counsel (DLC), and certain members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference. Present at the Liaison Counsel meeting on behalf of the Plaintiffs were Russ Herman, Leonard Davis, Andy Birchfield, Chris Seeger, Arnold Levin, and Thomas Kline. Present at the Liaison Counsel meeting on behalf of the Defendants were Phillip Wittman, Doug Marvin, Ted Mayer, Richard Stanley, John Beisner, and Anthony DiLeo. At the pretrial conference, counsel reported to the

Court on the topics set forth in Joint Report No. 2 of Plaintiffs' and Defendants' Liaison Counsel. This conference was transcribed by Karen Ibos, Official Court Reporter. Counsel may contact Karen Ibos at (504) 589-7776 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I.     Service List of Counsel/Lexis-Nexis Electronic Service Application

PLC and DLC have continued discussions with the Court and Lexis-Nexis to have the Lexis-Nexis Electronic Service Application up and running. A pricing sheet with respect to the cost of this service is being revised by Lexis-Nexis and will be sent to all counsel shortly. Counsel in MDL 1657 were advised that they must complete the registration process prior to May 6, 2005 since implementation of electronic service is expected to become effective on May 9, 2005.

II.    Trial Settings/Class Actions

DLC has furnished to PLC and to the Court a list of all Vioxx lawsuits that are set for trial, including the *Rogers* case, currently set for trial in Alabama on May 23, 2005 and the *Ernst* case, currently set for trial in Texas on May 31, 2005, both of which cases involve, as counsel of record, members of the PSC. The parties have agreed to postpone the *Rogers* case. There is currently no agreement on the *Ernst* case, however, discussions are ongoing.

III.   Plaintiffs' Steering Committee

The Court has now appointed the Plaintiffs' Steering Committee and the PSC has held meetings and conferred to assign committees to carry out the responsibilities of the PSC. All

Plaintiffs' counsel who wish to serve on a committee should forward their CV to PLC, expressing on which committee he/she is interested in serving.

IV.   Defendants' Steering Committee

The Court has also appointed Defendants' Steering Committee and initial discussions among committee members have taken place.

V.   Master Complaint(s) and Master Answer(s)

The PSC is considering filing three or four master complaints in the MDL proceeding limited to class issues only. DLC will also file master answers. DLC has given to PLC a suggested schedule for dealing with class action complaints.

IT IS ORDERED that DLC shall prepare for PLC and the Court a census of all class action complaints that are or will be in the MDL no later than Thursday, May 5, 2005.

VI.   Discovery Directed to Merck

PSC will be filing a first set of master interrogatories and requests for production of documents directed to Merck within thirty (30) days. The PSC anticipates that when Merck responds it will identify any documents that are responsive to a particular request by bates number and the date the document was produced in the New Jersey state action.

IT IS ORDERED that by Thursday, May 5, 2005, DLC shall notify the Court of a date by which Merck will provide to PLC the names, addresses, dates of employment, and other relevant information for all individuals employed by Merck during the relevant time period.

VII.   Discovery Directed to FDA

PLC has advised the Court and DLC that within thirty (30) days the PSC will serve an

additional subpoena on the FDA requesting the production of documents. Thus far, the FDA, through its counsel, Carmelina Allis, and its paralegal specialist, Harold Streeper, has objected to the production of documents requested in the prior subpoena and request served on the FDA by Plaintiffs. The Court advised that it will order Streeper and Allis to appear at the May 23, 2005 monthly pretrial conference once PLC provides to the Court the names and addresses for Allis and Streeper.

VIII.   Discovery Directed to Third Parties

PLC has advised the Court and DLC that the PSC anticipates that third party discovery will be forthcoming.

IX.   Deposition Guidelines and Scheduling

PLC and DLC negotiated the protocol for the taking of depositions in MDL 1657, resulting in the issuance of Pretrial Order No. 9. No depositions have yet been scheduled in MDL 1657. The PLC will make reasonable efforts to coordinated state court depositions with the DLC in state court cases previously set for trial. The Court suggested reserving certain weeks in every month throughout the year for the taking of depositions.

X.   Plaintiff Profile Form

IT IS ORDERED that PLC and DLC shall submit a joint Plaintiff Profile Form ("PPF") and Defendant Profile Form ("DPF") to the Court by Thursday, May 12, 2005. If PLC and DLC have not agreed on a joint PPF and DPF by that date, then the PLC and DLC shall each submit a proposed PPF and DPF to the Court by Thursday, May 12, 2005.

XI.  Medical Records from Healthcare Providers

PLC has requested that Defendants make available to the claimant and their respective counsel any medical or pharmacy records obtained from any healthcare provider of pharmacy at plaintiffs' cost. PLC and DLC have discussed the establishment of a depository for such medical records obtained from healthcare providers. DLC indicated that the parties will use the same system used in the New Jersey cases.

XII.  Defendants' Contacting or Communicating with Claimants Healthcare Providers

PLC has discussed with the Court and DLC a prohibition by Defendants from any *ex parte* communication with healthcare providers from claimants. The Court will allow briefing on this issue. IT IS ORDERED that DLC and PLC shall submit briefs on this issue by no later than Thursday, May 5, 2005.

XIII.  Plaintiffs' and Defendants' Depositories

The PSC has begun establishing a depository for use by Plaintiffs in New Orleans, Louisiana, at Place St. Charles, Suite 4310. It is anticipated that the depository will be up and running by the May 23, 2005 monthly pretrial conference.

XIV.  Confidentiality Agreement

The parties will meet and confer regarding a confidentiality agreement. PLC and DLC do not anticipate any problems reaching an agreed order on this issue.

XV.  Remand Issues

PLC advised the Court and DLC that a remand motion set in the *Stallworth* case before Judge Fallon for May 11, 2005 would be removed from the docket and that all briefing deadlines

would be suspended. The Court has indicated that it will deal with remand motions as a group in accordance with procedures to be established in the future.

XVI.   Class Action Cases

The Court has discussed with PLC and DLC the procedure for dealing with the class action cases. The parties will continue to meet and confer regarding procedures and schedules for addressing these cases.

XVII.  Tolling Agreement

IT IS ORDERED that a member of the PSC and a member of the DSC shall meet to discuss fashioning an acceptable tolling agreement and report to the court on said discussion before the May 23, 2005 monthly pretrial conference.

XVIII. Proposed CMO

PLC and DLC met on April 26, 2005 to preliminarily discuss a proposed Case Management Order ("CMO") for the individual cases, as distinguished from class action cases.

IT IS ORDERED that PLC and DLC shall submit to the Court a proposed CMO by Thursday, May 12, 2005.

XIX.   Proposed Case Management Order Regarding Motion Practice

PLC and DLC met on April 26, 2005 to preliminarily discuss a proposed Case Management Order ("CMO") Regarding Motion Practice.

IT IS ORDERED that PLC and DLC shall submit to the Court a proposed CMO by Thursday, May 12, 2005.

XX.    State Federal Coordination

The Court advised that it will appoint a State Liaison Committee with the purpose of keeping state plaintiffs' counsel apprised of the status of and procedures used in MDL 1657. The State Liaison Committee will be in place by the May 23, 2005 monthly pretrial conference.

XXI.   Esquire/Courtroom Connect

Esquire Deposition and Courtroom Connect gave a presentation following this monthly pretrial conference demonstrating logistics for taking internet depositions and keeping a repository for all depositions.

XXII.   Miscellaneous

The Court informed counsel that it has received letters and motions from pro se incarcerated individuals who wish to be represented in MDL 1657. The Court will forward said letters and motions to PLC to be handled accordingly.

The Court also raised the issue of attorneys who wish to file their cases directly in the Eastern District of Louisiana in order to become a part of MDL 1657, rather than filing in their local court and being transferred to this Court by the MDL panel. The Court urged such attorneys to consider whether this Court has jurisdiction and/or venue in those cases.

XIII.   Next Status Conference

The next monthly pretrial conference shall be held on Monday, May 23, 2005, at 9:00 a.m. in the Courtroom of Judge Eldon E. Fallon.

/s/ Eldon E. Fallon