

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE BAYLOR | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | 05-CV-2275 |
| MERCK & CO., INC., *et al.*, | : | |
| Defendants | : | |

## ORDER

AND NOW, this 20th day of June, 2005, upon consideration of Defendant Merck & Co., Inc.'s Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation (Document No. 6), Plaintiff Elaine Smith's Motion to Remand (Document No. 3), and Defendant's Response to Plaintiff's Motion to Remand (Document No. 7), it is hereby ORDERED that Defendant's Motion to Stay is GRANTED. All pretrial proceedings are hereby STAYED pending a transfer decision by the Judicial Panel on Multidistrict Litigation.[1]

---

[1] The power to stay is well established, as every court has the power to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N.A. Co., 299 U.S. 248, 254 (1936). Where, as here, the Judicial Panel has decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. See, e.g., Mathern v. Wyeth, 2004 WL 1922028 at *1 (E.D. La. 2004). When deciding whether to issue a stay pending the Judicial Panel's decision on transfer of an individual action, courts look at (1) considerations of judicial economy and (2) avoidance of conflicting rulings. Id. Consideration of both of these factors favor granting a stay of this action. Moreover, seven other

It is FURTHER ORDERED that Plaintiff's Motion to Remand is DENIED without prejudice to its renewal before the transferee Court.[2]

---

courts within this District have stayed nearly identical VIOXX® cases and held that these issues should be decided by the MDL court, despite motions to remand. See West, et al. v. Merck & Co., Inc., et al., Civ. No. 05-227 (E.D. Pa. Feb. 15, 2005); Mitchell et al. v. Merck & Co., Inc., et al., Civ. No. 05-587 (E.D. Pa. Mar. 20, 2005); Cronin et al. v. Merck & Co., Inc., Civ. No. 05-838 (E.D. Apr. 1, 2005); Cochran v. Merck & Co., Inc., et al., Civ. No. 05-1237 (E.D. Pa. Apr. 19, 2005); Laney v. Merck & Co., Inc., et al., Civ. No. 05-1615 (E.D. Pa. Apr. 20, 2005); Lawrence-Wicks, et al. v. Merck & Co., Inc. et al., Civ. No. 05-1610 (E.D. Pa. May 4, 2005); Slade v. Merck & Co., Inc., et al., Civ. No. 05-1611 (E.D. Pa. May 6, 2005). Accordingly, a stay is appropriate here.

[2] The Judicial Panel has held that a district court judge has the authority either to wait for a transfer order without ruling on a motion to remand, or rule on the motion before a transfer order has been issued. In re Asbestos Prods. Liab. Litig., 170 F. Supp. 2d 1348, 1349 n. 1 (J.P.M.L 2001). In an MDL case, jurisdictional issues, such as a motion to remand, may be properly decided by the transferee court. In re "Agent Orange" Prod. Liab. Litig., No. 381, slip op. at 1 (J.P.M.D.L. 1989). Resolution by the transferee court is particularly appropriate where the jurisdictional issue is likely to arise in other district courts throughout the nation. In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990). Therefore, the appropriate inquiry is "whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or may be transferred to a multidistrict proceeding." Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc., 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002). In considering the present VIOXX® litigation, courts in several districts have deferred ruling on motions to remand in order to allow the transferee judge to resolve similar motions. See e.g. West, et al. v. Merck & Co., Inc., et al., Civ. No. 05-227 (E.D. Pa. Feb. 15, 2005); Fontanilles v. Merck & Co., Inc., No. 04-22799-CIV-HUCK, slip op. at 1-2 (S.D. Fla. Dec. 14, 2004). Accordingly, this Court will not rule on Plaintiff's Motion to Remand pending likely transfer to Multidistrict Litigation.

```
                                        BY THE COURT:_____


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,  J.
```