

EXHIBIT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEBBIE PACE and PATRICIA E.
ARCHULETA, on their own behalf and
on behalf of all similarly situated
individuals,

        Plaintiffs,

    vs.                            **No. CIV 04-1356 MCA/ACT**

MERCK & CO., INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiffs' Motion to Remand* [Doc. 3],

filed December 7, 2004, and Defendant *Merck's Motion to Stay All Proceedings Pending*

*Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. 4], filed December

10, 2004. Having considered the parties' submissions, the relevant law, and otherwise being

fully advised in the premises, the Court denies Plaintiffs' motion to remand and grants

Defendant's motion to stay.

## I. BACKGROUND

On October 20, 2004, Plaintiffs filed in the Second Judicial District Court, County

of Bernalillo, State of New Mexico their *First Amended Complaint for Individual and Class*

*Action Relief for: (1) Fraud; (2) Unfair Trade Practices; (3) Unjust Enrichment;*

*(4) Constructive Trust; and (5) Punitive Damages* against Merck and Co., Inc. ("Merck").

Merck is a pharmaceutical company that designed and manufactured the anti-inflammatory

prescription drug known as Vioxx. [Doc. 1, Exh. 1]. In September 2004, Merck announced that studies had shown that patients taking Vioxx were at increased risk for heart attack or stroke. Merck removed Vioxx from the market later that month. [Id.].

In December 2004 and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Merck removed Plaintiffs' state-court action to the United States District Court for the District of New Mexico. [Doc. 1]. Plaintiffs thereafter moved to remand the matter. [Doc. 3]. Merck then moved to stay all proceedings in the action pending resolution of its motion before the Judicial Panel on Multidistrict Litigation ("the Panel") for transfer of this case and numerous similar cases to a single court for coordinated pretrial management pursuant to 28 U.S.C. § 1407. [Doc. 4]. Merck's motion was filed October 22, 2004 and a decision thereon is expected to be handed down in January 2005.[1] [Id., Exh. A, November 22, 2004 "Notice to All Involved Counsel from Judicial Panel on Multidistrict Litigation"]. Plaintiffs oppose Merck's motion to stay and ask the Court to rule in their favor with respect to the remand motion. [Doc. 8].

## II. ANALYSIS

Section 1407 of Title 28 provides, in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon

---

[1] As of November 22, 2004, there existed 158 separate actions against Merck awaiting potential consolidation by the Panel. [See Doc. 4, Exh. A, Schedule A].

2

> its determination that transfers for such proceedings will be for
> the convenience of parties and witnesses and will promote the
> just and efficient conduct of such actions.

28 U.S.C. § 1407. A district court may in its discretion stay proceedings before it pending resolution of a motion brought pursuant to 28 U.S.C. § 1407, as the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). When considering a motion to stay, a district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D.Cal.1997).

In light of the above factors, I conclude that the proceedings in this case should be stayed pending the transfer decision of the Panel. Under the circumstances, potential prejudice to Plaintiffs is minimal, as the Panel expects to render its decision later this month. [See Doc. 4, Exh. A, November 22, 2004 "Notice to All Involved Counsel from Judicial Panel on Multidistrict Litigation" (stating that a hearing on Merck's 28 U.S.C. § 1407 motion is set for late January 2005)]. Should the Panel determine that transfer of this case is not warranted, Plaintiffs may renew their motion to remand. On the other hand, because more than 100 separate and similar actions are currently pending against Merck, Merck faces a significant risk of duplicative motion practice and redundant discovery proceedings absent

3

a stay.[2] It is also apparent that judicial resources would be conserved and judicial economy best served by allowing a single court to determine with uniformity the various issues presented in the hundreds of currently pending Vioxx cases. Finally, in light of the fact that numerous district courts have already issued stays, [see Doc. 4 at 5-6 (collecting cases)], this Court agrees with the statement of Judge Paul Huck of the United States District Court for the Southern District of Florida that "these cases should, as a general proposition, be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner." Fontanilles v. Merck & Co., Inc., No. 04-22799 (S.D.Fla. Dec. 14, 2004) (granting motion to stay and denying without prejudice plaintiffs' motion to remand).

### III. CONCLUSION

Under the circumstances, I conclude that the risk of hardship to Merck absent a stay far outweighs any prejudice likely to be caused to Plaintiffs as the result of a stay. Because I also determine that consolidation of the numerous pending Vioxx cases will likely conserve judicial resources and promote judicial economy, Merck's motion to stay will be granted. Plaintiffs' motion to remand will be denied.

---

[2] As an example of the potential hardship it faces, Merck notes that, before stays were granted, plaintiffs' counsel in a Texas state-court action and plaintiffs' counsel in an action in the District Court for the Northern District of Texas had each asked to depose the same corporate representative with respect to the same issue—Merck's decision to withdraw Vioxx from the market. Merck submits that such requests will only become more frequent as the Vioxx litigation proceeds. [See Doc. 4 at 9].

IT IS, THEREFORE, ORDERED that Defendant *Merck's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation* [Doc. 4] is GRANTED;

IT IS FURTHER ORDERED that *Plaintiffs' Motion to Remand* [Doc. 3] is DENIED without prejudice to renew in the event that the cause is not transferred. If transfer is denied, Plaintiffs shall file their notice of renewal of the motion to remand within ten (10) days of entry of the order of denial.

SO ORDERED this 10th day of January, 2005, in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge

5