# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ISAAC HENDRIX, SR., as Personal Representative of the Estate of Essie Mae Hendrix, deceased, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERCK & CO., INC.; LEON )<br>CASALS, M.D.; and A-R, )<br>)<br>Defendants. ) | CIVIL ACTION NUMBER:<br><br>2:06-cv-265-MHT |

## DEFENDANT MERCK & CO., INC.'S REPLY TO PLAINTIFF'S MEMORANDUM BRIEF IN RESPONSE TO MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS AND REQUEST FOR AN EXPEDITED RULING ON PLAINTIFF'S MOTION TO REMAND

Defendant Merck & Co., Inc. ("Merck") respectfully submits this reply to Plaintiff's Memorandum Brief in Response to Merck & Co., Inc.'s Motion to Stay All Proceedings and Request for An Expedited Ruling on Plaintiff's Motion to Remand. Merck's motion is due to be granted because the goals of the MDL process – namely, judicial economy and consistency – are best served by staying proceedings and allowing the MDL Court to rule on similar remand motions in a coordinated basis.

I.  **THE MOTION TO STAY SHOULD BE GRANTED TO ALLOW THE MDL COURT TO ISSUE UNIFORM RULINGS ON RECURRING ISSUES IN THE Vioxx CASES.**

On February 16, 2005, the Judicial Panel on Multidistrict Litigation ("JPML" or "the Panel"), acting pursuant to 28 U.S.C. § 1407, issued an order establishing an MDL, styled as *In re VIOXX Products Liability Litigation*, MDL No. 1657, in the Eastern District of Louisiana to coordinate pretrial proceedings for the federal VIOXX® lawsuits. *See In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). In its order establishing an MDL proceeding, the JPML stated that "[c]entralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *Id.* at 1354. The JPML further stated that "[t]he pendency of a motion to remand to state court is *not* a sufficient basis to avoid inclusion in Section 1407 proceedings . . . Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38." *Id.* (emphasis added). Judge Fallon, who is overseeing the Vioxx MDL, is already preparing to review motions to remand and has held that the MDL Court "will deal with remand motions as a group." *See, e.g.*, *In re VIOXX® Prods. Liab. Litig.*, April 28, 2005 Minute Entry (Exh. A hereto, p. 5-6).

Merck promptly notified the JPML by letter dated March 28, 2006 that this case should be transferred to the MDL as a "tag-along" case. (*See* Exh. B). The JPML has been issuing conditional transfer orders regularly, transferring hundreds of additional related cases to Judge Fallon based upon the information in these tag-along letters. Included among the cases already transferred to the MDL are cases from Alabama district courts. At least two of those Alabama cases (and many others from around the country) involves the precise legal issue

central to Plaintiffs' motion to remand – whether the in-state physician defendants have been fraudulently joined in order to defeat diversity jurisdiction. *See*, *e.g.*, *Mitchell v. Merck & Co., Inc. et al*, 4:05-cv-572-CLS, Northern District of Alabama (Exh. C hereto), and *Wilkes v. Merck & Co. Inc., et al,* 2:05-cv-1214-RRA, Northern District of Alabama, transferred to MDL Court on June 8, 2005 (Exh. D hereto). Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks. Once the conditional transfer order is issued, Plaintiff has fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[1]

Recognizing the principles that caused the creation of the Vioxx MDL, numerous other Alabama federal district courts have stayed Vioxx cases pending transfer to the MDL. Some of those stays have been issued despite pending motions to remand. (*See* Selected Alabama Stay Orders, attached as collective Exh. L). These courts have recognized that the best way to ensure that MDL proceedings achieve their statutory goals of efficient, coordinated proceedings, is by staying litigation pending transfer to the MDL Court, including the consideration of remand motions. This is particularly true where, as here, the issues raised by

---

[1] In the event Plaintiff chooses to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile. In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in every Transfer Order since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders. *See* June 20, 2005 Transfer Order (attached hereto as Exh. E) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); Aug. 11, 2005 Transfer Order (attached hereto as Exh. F) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); Sept. 13, 2005 Transfer Order (attached hereto as Exh. G) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8); Oct. 21, 2005 Transfer Order (attached hereto as Exh. H) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders 11, 14, 15, 17 and 19); Dec. 2, 2005 Transfer Order (attached hereto as Exh. I) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 19, 20, 21, 22, and 23); Feb. 15, 2006 Transfer Order (attached hereto as Exh. J) (rejecting the arguments of parties in *Wilkes v. Merck & Co., Inc.*, CV-2:051241-RRA (N.D. Ala. June 30, 2005), who opposed Conditional Transfer Order No. 27); Apr. 11, 2006 Transfer Order (attached hereto as Exh. K) (rejecting the arguments of parties who opposed Conditional Transfer Order Nos. 32 – 37).

Plaintiff's remand motion are similar to those raised in other cases that have been transferred to the same MDL proceeding.[2] In fact, the Plaintiff's remand motion in this case is nearly identical in relevant part to the Motion to Remand filed by the same plaintiffs' counsel in *Mitchell v. Merck et al.,* 4:05-cv-572-CLS, Northern District of Alabama (See Exh. M) and *Wilkes v. Merck & Co. Inc., et al,* 2:05-cv-1214-RRA, Northern District of Alabama (*See* Exh. N). *Compare Mitchell and Wilkes* Motions to Remand ¶¶ 10-14, 33-35, attached hereto as Exh. M & N, *with* Motion to Remand in *Hendrix*. As noted above, on May 27, 2005, *Mitchell* was transferred to the Vioxx MDL Court and *Wilkes* was transferred on February 16, 2006 where the Motion to Remand will be heard by Judge Fallon.

Similarly, Judge Proctor recently stayed a Vioxx case with a motion to remand pending, and over the objection of plaintiff's counsel, explaining:

> [t]he court recently received a letter from the Judicial Panel on Multidistrict Litigation . . . enclosing a copy of the conditional transfer order relating to the transfer of this case to MDL-1657 – *In re Vioxx Products Liability Litigation.* In light of this development and for the reasons set forth in Defendant Merck & Co., Inc.'s Opposition to Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay, Plaintiff's Motion to Reconsider Order Granting Defendant's Motion to Stay is DENIED.

*Jones v. Merck & Co., Inc. et al.*, CV-2:05-CV-427-RDP (N.D. Ala. April 25, 2005) (Exh. O). The letter from the JPML referred to in this Order actually encourages transferor courts to *defer ruling on pending remand motions* where, as here, the issues presented are likely to be duplicated in other cases that already have been transferred to the Vioxx MDL. (*See* sample letter from JPML regarding Vioxx proceedings, attached as Exh. P). For these very reasons, more than

---

[2] Merck has also filed (or is filing contemporaneously) a response to Plaintiffs' Motion to Remand, which it submits should be considered by the MDL Court upon transfer along with the motion to remand in the *Mitchell* case and any other case raising similar fraudulent joinder issues.

1800 stay orders have already been granted in Vioxx cases. In nearly 300 of those cases Plaintiff sought remand including a number that involve physician defendants.[3]

Courts in Alabama and elsewhere have stayed pending Vioxx cases for the same reason: to promote judicial economy and avoid inconsistent rulings. As one Alabama court explained in *Wilkes v. Merck & Co. Inc., et al,* 2:05-cv-1214-RRA, Northern District of Alabama (*See* Selected Alabama Stay Orders, attached as collective Exh. L), a case filed by the same Plaintiff's counsel against in-state physician defendants and Merck, in its order staying the case despite a pending remand motion:

> Because of the contradictory allegations against the physician defendants, and the failure of the complaint to comply with Alabama law concerning specificity in making allegations against physicians, it appears to be a good possibility that it will be determined that the individual defendants were fraudulently joined. If it were <u>clear</u> that these physicians were not fraudulently joined, and if the judges from this district were ruling on the motions to remand, this motion to stay might be denied and the motion to remand ruled on. The opposite being the event, and in order to have consistent rulings, the motion to stay is **GRANTED**, and all

---

[3]*See, e.g., Olson v. Merck & Co., Inc.,* No. 05-01256 (N.D. Cal. May 11, 2005); *Booker v. Merck & Co., Inc., et al.,* No. 5-496 (N.D. Tex. May 9, 2005); *Bess v. Merck & Co., Inc.,* No. 05-568 (E.D. Mo. May 3, 2005); *Laney v. Merck & Co., Inc.,* No. 05-1615 (E.D. Pa. Apr. 27, 2005); *Diaz v. Merck & Co., Inc.,* No. 05-239 (M.D. Fla. Apr. 26, 2005); *Johnson v. Merck & Co., Inc.,* No. 05-1096 (W.D. Tenn. Apr. 22, 2005); *Vigil v. Merck & Co., Inc.,* No. 05-233 (M.D. Fla. Apr. 20, 2005); *Dollar v. Merck & Co., Inc.,* No. 05-60375 (S.D. Fla. Apr. 18, 2005); *Peter v. Merck & Co., Inc.,* No. 05-1089 (W.D. Tenn. Apr. 12, 2005); *Core v. Merck & Co., Inc.,* No. 04-1367 (N.D.N.Y. April 6, 2005); *Cooke v. Merck & Co., Inc.,* No. 05-56 (N.D. Fla. Apr. 4, 2005); *Serrano v. Merck & Co., Inc.,* No. 05-170 (M.D. Fla. Mar. 29, 2005); *Hendrix v. Merck & Co., Inc.,* No. 05-178 (E.D. Ark. Mar. 18, 2005); *Conti v. Merck & Co., Inc.,* No. 05-60087 (S.D. Fla. Mar. 11, 2005); *McCrerey v. Merck & Co., Inc.,* No. 04-2576 (S.D. Cal. Mar. 3, 2005); *Hankins v. Merck & Co., Inc.,* No. 04-1525 (E.D. Ark. Feb. 28, 2005); *Dixon v. Merck & Co., Inc.,* No. 05-121 (S.D. Tex. Feb. 23, 2005); *West v. Merck & Co., Inc.,* No. 05-227 (E.D. Pa. Feb. 15, 2005); *Benoit v. Merck & Co., Inc.,* No. 05-118 (N.D. Ill. Feb. 15, 2005); *Wright v. Merck & Co., Inc.,* No. 04-3037 (D. Ariz. Jan. 28, 2005); *McNichols v. Merck & Co., Inc.,* No. 04-23064 (D.S.C. Jan. 12, 2005); *Pace v. Merck & Co., Inc.,* No. 04-1356 (D.N.M. Jan. 10, 2005); *Houston v. Merck & Co., Inc.,* No. 04-2188 (D.D.C. Jan. 7, 2005); *Nevels v. Merck & Co., Inc.,* No. 04-952 (W.D. Mo. Dec. 27, 2004); *Pagan v. Merck & Co., Inc.,* No. 04-8959 (S.D.N.Y. Dec. 27, 2004); *Fairchild v. Merck & Co., Inc.,* No. 04-420 (E.D. Ky. Dec. 21, 2004); *Deck v. Merck & Co., Inc.,* No. 04-7729 (N.D. Ohio Dec. 20, 2004); *Hunter v. Merck & Co., Inc.,* No. 04-2518-CM (D. Kan. Dec. 20, 2004); *Carvallo v. Merck & Co., Inc.,* No. 04-22916 (S.D. Fla. Dec. 14, 2004); *Benavides v. Merck & Co., Inc.,* No. 03-134 (S.D. Tex. Dec. 8, 2004); *Perkins v. Merck & Co., Inc.,* 4:04-cv-1446 HEA (E.D. Mo. Dec. 2, 2004).

proceedings in this case, including the motion to remand, are **STAYED** pending action by the MDL court.

*Wilkes v. Merck & Co. Inc., et al.,* slip op. at page 2.

As stated by another court staying a case despite a pending remand motion:

> While this Court is not required to stay consideration of the Motion to Remand, it concludes that it would be in the best interests of judicial economy and consistency to stay this case until the determination of its transfer by the Judicial Panel on Multidistrict Litigation.

*Wright v. Merck & Co., Inc.*, NO. CV04-4047-PHX-SRB, slip op. at 2 (D. Ariz. Jan. 27, 2005) (Exh. Q). Similarly, in another Vioxx case, *Fontanilles v. Merck*, while acknowledging that the court had jurisdiction to address the motion for remand, a Florida District Court found that "this Court also has discretion to decline to decide the motion to remand while awaiting the MDL Panel's decision on transfer." (Exh. R). Basing the decision on the general proposition that "these cases should. . . be treated consistently so that no one plaintiff or plaintiff group has an advantage over the others with regard to the ability to prosecute claims in a timely manner," the court granted a stay without addressing the motion for remand. The court explained its decision to defer as follows:

> In the present case, the Court concludes that judicial economy and uniformity dictate that the Court defer ruling on Plaintiffs' Motion to Remand in order to give an opportunity to all similarly situated VIOXX cases for transfer to the MDL Judge and to allow the MDL judge to resolve the issues presented by similar remand motions. . . Judicial consistency, economy and uniformity among similar VIOXX cases would be served by deferring resolution of the remand issues at this time.

*See id*. at pp. 1-2. *See also Baylor v. Merck & Co., Inc., et al.*, CV-05-2275 (E.D. Pa. June 20, 2005) (recognizing court's power to stay despite pending motion to remand and staying case pending transfer to the Vioxx MDL) (attached hereto as Exh. S).

Thus, it is clear that despite Plaintiff's citation to a handful of cases to the contrary, the decisions by courts to defer consideration of remand motions pending MDL transfer are consistent with the bulk of authority on this issue. Indeed, in considering this question, at least one court has concluded that "the general rule is to defer ruling on pending motions to remand in MDL litigation until after the JPML has transferred the case to the MDL [court]." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). *See also*, *Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081, 2004 WL 1462035, at *5 (D.N.J. Jan. 12, 2004) (granting stay and denying remand motion where defendants moved the MDL Panel to have cases transferred to a single district but it had not yet acted); *Hertz Corp. v. Gator Corp.*, 250 F. Supp. 2d 421, 428 (D.N.J. 2003) (granting a stay pending the decision by the JPML to coordinate and consolidate the action); *Michael v. Warner Lambert Co.*, 03-cv-1978, 2003 U.S. Dist. Lexis 21525, at *8 (S.D. Cal. Nov. 20, 2003) ("courts regularly stay proceedings and defer to the MDL judge to avoid potentially inconsistent rulings on remand motions").

Because plaintiff's counsel in Alabama repeatedly name in-state defendants in an effort to avoid federal jurisdiction, Merck has had to repeatedly remove cases and argue fraudulent joinder. In Alabama, alone, these removals have been assigned to many different district court judges. There is no guarantee, therefore, that consistent rulings will follow on the many Vioxx cases yet to be filed. For purposes of judicial efficiency, the MDL Court has agreed to consider remand motions and apply its decision on remand uniformly. The court will be fully

briefed on Alabama law and can apply one standard to all of the cases it will have before it. It plainly does not promote efficiency or uniformity to have numerous federal judges in Alabama repeatedly be faced with ruling on motions to remand as this litigation grows rather than allowing Judge Fallon to hear those motions and apply a uniform approach to all of them. Accordingly, it is appropriate for this Court to stay the pending case, which will transfer the present motion to remand for consideration by the MDL Court along with the other motions to remand already pending before that court. Only in that way, can the MDL goals of efficiency and consistency of result be achieved.

## II. THE PLAINTIFF'S ARGUMENTS AGAINST A STAY ARE NOT BINDING ON THIS COURT AND ARE WITHOUT MERIT.

Plaintiff's Opposition to Merck's Motion to Stay does nothing more than cite cases that are not binding on this Court while ignoring the valid reasons why a stay is appropriate. In light of the transfer of a practically identical cases to the MDL already, Plaintiff's arguments are without merit. Notably, the opinions upon which Plaintiff primarily relies, *Greene v. Wyeth* from Nevada, *In Massachusetts Diet Drug Litigation* from Massachusetts, and *Johnson v. Micron* from Michigan, declined to stay the cases, in part, because the MDL judge was unlikely to see the same issues before it a second time. *See Greene v. Wyeth*, 344 F. Supp.2d 674, 679 (D. Nev. 2004); *In re Massachusetts Diet Drug Litig.*, 338 F. Supp.2d 198, 201 (D. Mass. 2004); *Johnson v. Micron*, 354 F.Supp.2d 736 (E.D. Mich. 2005). In the present case, and contrary to Plaintiff's argument made in Motion to Stay All Proceedings and Request for An Expedited Ruling on Plaintiff's Motion to Remand, the Vioxx MDL Court *already* has before it two Motions to Remand relating to cases filed in Alabama, which are essentially identical to the one in this case. Further, the question of whether or not a plaintiff can claim that Merck suppressed critical health information from physicians and simultaneously

8

claim that his or her physician was negligent for not knowing the suppressed information, is likely to arise repeatedly in this litigation. Deferring a decision on that issue to the MDL Court will enable that Court to uniformly address the issue. Therefore, transfer serves judicial economy and consistency – principles for which the MDL was created.

Nor is plaintiff prejudiced by a decision to stay this case pending MDL transfer. Plaintiff implies as much, arguing that "Isaac Hendrix should not be compelled to go to the Eastern District of Louisiana to argue whether Dr. Casals was or was not fraudulently joined before a trial judge who is unfamiliar with Alabama substantive and procedural law." Pls' Opp'n at 2. It is the MDL Court, which happens to be located in Louisiana, however, that is in a better position to decide overlapping remand motions in a manner that is efficient and fair to *all* parties. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (the intent of section 1407 is to promote the "just and efficient conduct" of the actions transferred to MDL proceedings, especially where "the jurisdictional issue in question is easily capable of arising in . . . district courts throughout the nation"); *In re VIOXX*, 360 F. Supp. 2d at 1354 ("[s]hould the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.") Far from being prejudicial, allowing the transferee court to decide remand motions is actually the preferable course because it allows for a single court to efficiently and consistently rule upon many pending motions to remand. In contrast, if a stay is denied, Merck (and indeed the court system) will be forced to waste resources by engaging in motion practice against the same remand-related arguments repeatedly in different venues. *See Pace v. Merck & Co., Inc.,* No. CIV 04-1356 MCA/ACT (D.N.M. Jan. 10, 2005) (noting that Merck faces "a significant risk of duplicative motion practice . . . absent a stay . . . [such that] the risk of

9

hardship to Merck far outweighs any prejudice likely to be caused to Plaintiffs as a result of a stay.") (attached as Exh. T).

## CONCLUSION

In sum, because Plaintiff's remand motion raises the same issues as at least two other Alabama cases with a remand motion already before the MDL Court, the appropriate course is to defer consideration of this motion so that the MDL Court can decide jurisdictional issues in a coordinated manner. Therefore, this Court should grant Merck's motion to stay and refer the motion to remand to the MDL Court to conserve judicial resources and ensure the uniform resolution of this and similar remand motions filed by other plaintiffs without resulting in any prejudice to this Plaintiff.

For the foregoing reasons, Merck respectfully requests that this Court grant Merck's motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

DATED this 19th day of April 2006.

/s/ George R. Parker
Philip H. Butler (BUTL1716)
William C. McGowin (MCGOW6770)
George R. Parker (PARKG2248)
BRADLEY ARANT ROSE & WHITE LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: pbutler@bradleyarant.com
           wmcgowin@bradleyarant.com
           gparker@bradleyarant.com

Attorneys for Defendant Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Tom Dutton, Esq.
>Pittman Hooks Dutton Kirby & Hellums, P.C.
>2001 Park Place North
>1100 Park Place Tower
>Birmingham, Alabama 35203
>
>Randal H. Sellers, Esq.
>Starnes & Atchison, LLP
>Seventh Floor, 100 Brookwood Place
>Post Office Box 598512
>Birmingham, Alabama 35259-8512

and I hereby certify that I have mailed by U. S. Postal Service the document to the following non CM/ECF participants:   N/A.

>Respectfully submitted,
>
>/s/ George R. Parker
>Philip H. Butler (BUTL1716)
>William C. McGowin (MCGOW6770)
>George R. Parker (PARKG2248)
>BRADLEY ARANT ROSE & WHITE LLP
>The Alabama Center for Commerce
>401 Adams Avenue, Suite 780
>Montgomery, AL 36104
>Telephone: (334) 956-7700
>Facsimile: (334) 956-7701
>E-mail: pbutler@bradleyarant.com
>        wmcgowin@bradleyarant.com
>        gparker@bradleyarant.com
>
>Attorneys for Defendant Merck & Co., Inc.